## Washington Borough v. Steiner, Appellants.

*Equity—Equity practice—Preliminary injunction—Mandatory injunction.*

On a bill in equity to prevent encroachment on a street where it appears that the defendants have not sought to obtain an advantage by secretly or suddenly changing their status as it was at the time the bill was filed, the court cannot in granting a preliminary injunction make a mandatory order directing the defendants to remove an addition to their house which had been practically completed at the time, and which took the place of a porch previously standing, and encroached less upon the highway than did the porch itself.

Argued Nov. 11, 1901. Appeal, No. 13, Oct. T., 1901, by defendants, from decree of C. P. Lancaster Co., Equity Docket No. 3, page 335, granting a preliminary injunction in case of Washington Borough v. Albert and Margaret Steiner. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Decree modified.

Bill in equity to restrain an encroachment on an alleged highway. Before LIVINGSTON, P. J.

The facts sufficiently appear by the opinion of the Superior Court.

*Error assigned* was decree of the court.

*B. F. Davis*, for appellants.

*W. C. Douglas, Jr.*, with him *William B. Given*, for appellee.

OPINION BY RICE, P. J., March 14, 1902:

The record shows that on September 10, 1900, the plaintiff's bill and injunction affidavits were filed; that on the same day the president judge awarded a preliminary injunction returnable on September 15; that on the last mentioned date the defendants filed an answer; that testimony was taken; and that on December 8, the court entered the following decree : " Having therefore fully examined the case as presented, and finding no sufficient reason, we refuse the motion to dissolve, and hereby direct the injunction heretofore granted in this case to continue until further ordered." Without further action by the court, except the sealing of certain bills of exceptions tendered by the defendants, the latter took this appeal.

Manifestly this was not a decree entered upon final hearing, but, as in terms it purports to be, a decree entered after a hearing upon the defendants' motion to dissolve the ex parte injunction; in effect, an interlocutory decree, entered after the taking of testimony in the mode prescribed in the 81st equity rule, continuing an ex parte five days' injunction until final hearing, which has not yet been had. If we were to view the decree otherwise, we should be compelled to hold that the appeal was prematurely taken, for the reasons given in Shamokin and Coal Township Light and Power Co. v. John, 18 Pa. Superior Ct. 498.

The prayers of the bill, so far as material here, were : first, " that the defendants be restrained by preliminary injunction, till hearing and by perpetual injunction thereafter from continuing said building operation; " second, " that said defendants be ordered and directed to remove said addition to their house in so far as said addition encroaches beyond the true and proper line of Water street." It is too plain for discussion

that the learned judge below, in making the order of September 10, did not contemplate the issuing of the mandatory injunction prayed for in the second prayer of the bill.   Nor is it absolutely certain that such was intended to be the effect of the order of December 8.   Unfortunately, however, the prothonotary misinterpreted the former order and included in the writ issued on September 10, the mandatory clause contained in the second prayer of the bill, and this was not corrected in the order made on December 8.   In Audenried v. Phila. & Reading R. R. Co., 68 Pa. 370, Mr. Justice SHARSWOOD said: " All injunctions are generally processes of mere restraint, yet final injunctions may certainly go beyond this and command acts to be done or undone.   They are then termed mandatory.   They are often necessary to do complete justice. But the authorities, both in England and this country, are very clear that an interlocutory or preliminary injunction cannot be mandatory."   He cited a number of cases recognizing this distinction between a preliminary and a final injunction, and amongst them the case of Child v. Douglass, Kay, 578, where the vice chancellor said: " The plaintiff has a right to an injunction to restrain the building of the wall until further order, but I can make no order on an interlocutory application as to that part of the motion which relates to pulling down what has already been built."

A more liberal view of the power of the court has been taken in later cases which is thus expressed in Fredericks v. Huber, 180 Pa. 572 : " It is true that in order to meet the practices so emphatically condemned by this court in Easton etc., Pass. Ry. Co. v. Easton, 133 Pa. 505, and Cooke v. Boynton, 135 Pa. 102, equity has been compelled to advance a step, and if necessary to make even preliminary injunctions mandatory, as in Whiteman v. Fayette Fuel Gas Co., 139 Pa. 492.   But such cases are exceptional, and are founded on the fact that there has been what was graphically described in Cooke v. Boynton, supra, as a race 'against the law.'   Equity regards the substance rather than the form of things, and will not allow itself to be baffled by a wrongful change while its aid is being invoked.   The modern cases therefore have established the rule that the status quo which will be preserved by preliminary injunction is the last actual, peaceable, uncontested status which preceded the pending con-

troversy, and equity will not permit the wrongdoer to shelter himself behind a suddenly or secretly changed status, though he succeeded in making the change before the chancellor's hand actually reached him. The doctrine is not new, only its application in practice to meet the efforts of those who endeavor to be swifter than justice and the law." But, this is not a case where the defendants sought to obtain an advantage by secretly or suddenly changing their status. It is an undisputed fact that the addition to their house which they are commanded by the writ to remove encroaches less upon the alleged highway than did the porch which it takes the place of, and which had stood for many years. It also appears that the work was practically completed before the preliminary injunction was served. In view of these facts we do not feel called upon, nor do we deem it advisable, to express an opinion upon the merits of the case upon this interlocutory appeal. It is sufficient for present purposes to say, that no such exceptional circumstances appear as would warrant a decree compelling the defendants to tear down or move their dwelling before final hearing. As already suggested it is not clear that this was intended to be the effect of the order of December 8, but in order to remove all doubt upon that point we decree as follows:

That part of the writ of injunction issued on September 10, 1900, commanding the defendants to remove the addition to their house is set aside and the record is remitted with a procedendo.