# Taylor *v.* Sauer, Appellant.

*Equity — Mandatory injunction — Preliminary hearing — Temporary stand—Obstruction of light and view—Parades—Parties.*

1. A preliminary injunction may be made mandatory, but the writ is only granted where the right is clear, where irreparable injury is likely to result or where the status quo between the parties should be restored. Such status is the last actual, peaceable, uncontested status which preceded the controversy.

2. Where the plaintiff in a bill in equity occupies with his family the second story front rooms of a building facing with its windows on a street upon which there are to be a number of parades and exhibitions for a period extending over a week, such person is entitled to a mandatory injunction to compel the immediate removal of the upper portions of a stand obstructing his view, erected without his consent and against his express orders in his absence, although with the consent of the occupant of the first floor.

3. A decree on a bill in equity will not be reversed because of the omission of a party in interest as a defendant, where the interest of such party was unknown to the plaintiff, but is disclosed by the answer, and such party had notice of the proceeding, was called as a witness, and so far as shown had not objected.

Argued Dec. 18, 1908. Appeal, No. 198, Oct. T., 1908, by defendants, from decree of C. P. No. 1, Phila. Co., Sept. T., 1908, No. 1,219, on bill in equity in case of Harry Taylor v. Jacob Sauer and William B. Truitt. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Bill in equity for an injunction.

Brégy, P. J., and Magill, J., filed the following opinion:

The evidence taken clearly shows that the stand was erected in front of the windows of the plaintiff's residence, to wit: the second story of the building, without even the pretense of a right to do so. According to the testimony it was done against his protest and after inducing him to believe his rights would not be trespassed upon.

The reply made by the defendants, through counsel, is that we have no power to issue a mandatory injunction in a preliminary hearing.

This stand is to be used by the defendants, or some of them, to make money by the sale of seats upon it. It is to be used during Founders' Week only and then removed. If we cannot give the plaintiff the relief he asks he must submit for ten days to the blocking up of his windows and for a week be deprived of his view of the passing show upon the street, while the wrong-doer, who does not pretend to have any right to do what he has done, makes his dollars out of the outrage.

If this is the law it is not our view of it. This unlawful structure is only a temporary one, and if it cannot be reached in a preliminary hearing it never can be. We do not believe that in a case like this a court of equity is powerless.

We therefore order and direct that all the seats upon this stand which are so placed as to bring the bodies of persons occupying the same above the base or in front of the second story windows of the building occupied by and in the use of the plaintiff shall be removed, of the full width of the building, by six o'clock P. M. October 2, 1908.

And it is further ordered that the defendants shall not in any way interfere with or obstruct the view from or the light and air supplied by the said several windows.

Security to be entered by the plaintiff in the sum of $200.

*Error assigned* was the decree of the court.

*William A Carr*, with him *W. Horace Hepburn* and *Sidney L.*

*Krauss,* for appellants.—Upon a preliminary hearing a mandatory injunction should not be granted in a case of this character: Audenried v. Phila. & Reading R. R. Co., 68 Pa. 370; Fredericks v. Huber, 180 Pa. 572; Chester Traction Co. v. Phila., etc., R. R. Co., 174 Pa. 284; Traction Co. v. Shenandoah, 23 Pa. C. C. Rep. 222.

A court of equity will not entertain a bill to restrain a trespass of a temporary character, and for which the complainant would have an adequate remedy at law: Bispham's Equity, secs. 435, 436; Minnig's App., 82 Pa. 373; Clark's App., 62 Pa. 447; Shell v. Kemmerer, 13 Phila. 502; Grubb's App., 90 Pa. 228; McConahy v. Western Allegheny R. R. Co., 31 Pa. Superior Ct. 215.

All the parties in interest were not made parties to this proceeding, and therefore the court should not have awarded an injunction until all the parties were brought in and had their day in court: Fletcher's Equity Pleading and Practice, 35; Story's Equity Pleading, secs. 75, 76, 76a; Gilkeson v. Thompson, 210 Pa. 355; Alexander's App., 20 W. N. C. 283; Phila. v. River Front R. R. Co., 133 Pa. 134.

*Simon C. Raken,* for appellee.—Special injunctions are granted for prevention of irreparable injury as in case of waste, or take it in the case at bar the shutting off of light, air and vision of appellee, where the preventive aid of equity is the ultimate and only relief sought: Audenried v. R. R. Co., 68 Pa. 370; Washington Boro. v. Steiner, 19 Pa. Superior Ct. 498.

It is a matter of discretion with the court of equity to grant an injunction: Messner v. Railway Co., 13 Pa. Superior Ct. 429; Liggett v. Kaufmann, 17 Pa. Superior Ct. 631; Snyder v. Brown, 197 Pa. 450.

An injunction is binding on all who have actual knowledge of it, although not named therein or served therewith: Shiffer v. Youngstown Bridge Co., 2 Lackawanna Jur. 288; Patterson v. Wyoming Valley District Council, 31 Pa. Superior Ct. 112; York Mfg. Co. v. Oberdick, 15 York, 39; Titusville Iron Co. v. Quinn, 13 Pa. Dist. Rep. 416; Patterson v. Building Trades Council, 14 Pa. Dist. Rep. 843.

OPINION BY HENDERSON, J., July 14, 1909:

That a preliminary injunction may be made mandatory is shown by many authorities: Cooke v. Boynton, 135 Pa. 102; Black Lick Mfg. Co. v. Gas Co., 139 Pa. 448; Fredericks v. Huber, 180 Pa. 572; Whiteman v. Gas Co., 27 W. N. C. 205; Liggett v. Kaufman, 17 Pa. Superior Ct. 631; Washington Boro. v. Steiner, 19 Pa. Superior Ct. 498; Whitecar v. Michenor, 37 N. J. Eq. 6; Broome v. Telephone Co., 42 N. J. Eq. 141; Toledo, etc., Ry. Co. v. Penna. Co., 54 Fed. Repr. 730; Central Trust Co. v. Moran, 56 Minn. 188; Van Zile, Equity, sec. 401. The writ is only granted where the right is clear; where irreparable injury is likely to result or where the status quo between the parties should be restored. This status was said in Fredericks v. Huber, 180 Pa. 572, to be the last actual, peaceable, uncontested status which preceded the controversy. The practice in many instances of anticipating the action of courts of equity and acquiring a position of advantage against the rights of innocent parties rendered it necessary that the rule as to mandatory injunctions be extended to apply to such cases in order that the courts might not seem to reward wrongdoers who were diligent. If the defendants here are within the class referred to, the action of the court was in accord with the principle stated. That the plaintiff was in peaceable possession of the premises occupied by him and that all of the windows of the tenement which he occupied fronting on Broad street were practically closed up is clearly established. It is likewise shown that the act of the defendants was without any pretense of right. It was not alleged in the answer filed nor in the testimony of the defendants at the preliminary hearing that they had any legal warrant for closing up these windows. Their conduct was, therefore, inexcusable. Its effect was to exclude light and air from the plaintiff's home and to shut off his view along the street. An important part of his right of view was the opportunity to observe the numerous exhibitions and parades which constituted the chief features of the celebration held in the city that week. The comfort and enjoyment of the plaintiff and his family were greatly impaired if not destroyed and the injury thus received was of a kind which could not adequately be compensated in damages. It

would be difficult to develop a theory on which a jury would be able to say what pecuniary compensation one should have for the loss of light, free circulation of air and the privilege of viewing unusual spectacles presented from day to day on the avenue in front of his residence. There was evidence, moreover, that the plaintiff was induced by representations of the defendants to assume that there would be no interference with the part of the building which he occupied nor any obstruction of his windows, and that the stand was erected in one day during his absence from home after he had notified the defendants not to build in front of his windows. The stand was erected for the profit of the defendant, Sauer, and one Burer who had leased the privilege from Truitt, the other defendant, who occupied the first floor of the building. It was contended on the appeal that this injunction could not be lawfully granted and that the plaintiff's only remedy is by an action at law. We are unwilling to concur in this proposition. It is one of the exceptional cases where the defendants were wholly without right, where the title of the plaintiff is clear and where the status quo was changed by the defendants in the absence of the plaintiff after he had been led to believe that there would be no interference with his rights. He was, therefore, entitled to be restored to the condition existing before the stand was erected in front of his windows. Moreover, the structure put up was clearly a nuisance. It interfered with the comfortable enjoyment of the premises and if permanently there would probably have rendered his rooms untenantable. True, it is said that the structure was temporary and was to be taken down at the end of the celebration and that, therefore, there was not jurisdiction in equity to abate the nuisance. On the facts as presented we are not willing to say that the plaintiff must suffer this wrong and resort to the slow process of an action at law for his remedy. Such a proceeding would not furnish adequate relief, and inasmuch as the defendants were without excuse and were heard by themselves and their counsel after their answer was filed no substantial reason appears why the decree should not have been made as presented on the record.

It is said that one of the parties really interested in the stand

was not made a defendant. That was because he was not known to have been a partner in the enterprise. However, he had notice of the proceeding, was called as a witness and so far as has been shown is not objecting. His name can be added as a party defendant if that is necessary.

The specifications of error are overruled and the appeal dismissed at the cost of the appellants.