## Salant v. Sauserman, Appellant.

*Equity—Injunction—Preliminary injunction—Status quo.*

A preliminary injunction issues to reframe a state of affairs disarranged by stealth and chicane pending efforts to sustain the status quo. It is the last actual, peaceable, noncontested status which precedes the filing of a bill in equity, that is to be preserved.

Where an owner of a factory agrees to devote it exclusively for the period of one year to the manufacture of shirts from shirting material furnished by a dealer, and subsequently within the year, without any notice as required by the agreement, of the termination of the contract, the owner sells the factory and gives pos-

session of the same to another dealer, and agrees to give his services to the latter as foreman for a year, the first dealer is entitled to a preliminary injunction to maintain the status quo established by the contract.

Argued Oct. 9, 1918.  Appeal, No. 14, March T., 1919, by defendant, from decree of C. P. Perry Co., Aug. T., 1918, No. 10, awarding and continuing preliminary injunction in case of Gabriel Salant et al., trading as Salant & Salant, v. J. K. Sauserman and Philips-Jones Company, Inc.  Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Bill in equity for an injunction.  Before KELLER, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order continuing the preliminary injunction.

*David Wallerstein* and *George R. Barnett,* with them *Benjamin Reass,* for appellant.—The ex parte preliminary injunction was not a preliminary injunction maintaining the status quo: Audenreid v. Philadelphia & Reading Railway Co., 68 Pa. 370; Fredericks v. Huber, 180 Pa. 572.

A preliminary injunction must have some beneficial purpose: Farmers R. R. Co. v. Reno, Oil Creek, Etc., Ry. Co., 53 Pa. 224.

*Frank B. Wickersham,* of *Wickersham & Metzger,* and *James W. Shull,* for appellee.—The learned court below granted the preliminary injunction to restrain the defendant, Philips-Jones Company, Incorporated, from reaping the fruits of its ill-gotten contract through the instrumentality of the other defendant, Sauserman, and at the hearing continued the order—

To maintain things in the condition in which they are at the time until the rights and equities of the parties

can be considered and determined after a full examination and hearing: Audenreid v. Philadelphia & Reading Railway Co., 68 Pa. 370; Baptist Congregation v. Scannell, 3 Grant's Cases 48.

OPINION BY WILLIAMS, J., December 12, 1918:

March 30, 1917, defendant, Sauserman, agreed with plaintiffs that he would devote his factory and the machinery contained therein exclusively to the manufacture of shirts, giving them the entire output of said factory; that he would "do no work for another concern, nor sell, assign, lease or sublet said factory,......that if the contractor shall for any reason fail to pay his operators, go into bankruptcy, accept work from any other manufacturer or discontinue the factory, the plaintiffs shall be constituted his agents or trustees for the purpose of finishing out the goods in process," and that "this contract shall continue and be enforced for a year from the first day of February, 1918, unless either party gives notice to the contrary at least sixty days in advance." No notice was given to discontinue the contract until June 13, 1918.

June 6, 1918, an agent of defendant, Phillips-Jones Company, began negotiations with Sauserman to buy the factory. The same day, Sauserman wrote plaintiffs of his chance to sell, and asked to be released from his contract, without expressly saying he was going to violate it. June 7th, plaintiffs sent an agent, who, June 8th, saw Sauserman, and was informed as to the name of the intending purchaser. June 10th, plaintiffs notified defendant, Phillips-Jones Company, of the fact that Sauserman could not sell without violating his contract. The answer was: "You tell Mr. Salant we can play the game both ways and you have got it and we need it; we shall see this thing to a finish." June 11th, Phillips-Jones Company contracted for Sauserman's services as foreman of the factory for a year. June 13th, Salant had notice that Sauserman was going to sell. June 14th,

Sauserman conveyed the factory to Phillips-Jones Company. June 18th, the deed was recorded. June 24th, plaintiffs learned of the conveyance. June 28th, plaintiffs learned of Sauserman's employment as foreman by Phillips-Jones Company. July 5th, Sauserman refused to give possession of the factory to plaintiffs under the contract. The same day plaintiffs filed their bill praying, inter alia, for "an injunction, temporary until hearing and permanent thereafter against Phillips-Jones Company, restraining it in any wise from obstructing or interfering with Sauserman's performance of his contract." July 5th, the court granted a preliminary injunction as prayed for, and, August 23d, continued it until final hearing. Defendant, Phillips-Jones Company, appealed.

The principal contention of appellant is that the preliminary injunction does not preserve the status quo; or if it does, no benefit accrues to plaintiff and the defendant suffers injury by not being able to use its factory.

It is the last actual, peaceable, non-contested status which preceded the pending controversy that is to be preserved: Fredericks et al. v. Huber et al., 180 Pa. 572; Taylor v. Sauer, 40 Pa. Superior Ct. 229. In the present case this consisted of Sauserman being in possession of the factory, uninfluenced by Phillips-Jones Company, and able, if not willing, to perform his contract. A preliminary injunction issues to reframe a state of affairs disarranged by stealth and chicane pending efforts to sustain the status quo: Fredericks et al. v. Huber et al., supra. The position arrived at July 5th was contested and disputed. The Phillips-Jones Company's ownership of the factory building, even if known to plaintiffs, was not notice that Sauserman would discontinue substantial performance of his contract, and, in regard to other developments, plaintiffs were not required to take notice of private agreements between the defendants. So far, therefore, as the present injunction

is concerned, no laches can be imputed to plaintiffs. The preliminary injunction granted does not command a delivery of property, nor could it: Equitable Trust Co. v. Garis et al., 190 Pa. 544. It properly restrains the Phillips-Jones Company from unfairly and wrongfully interfering with the contractual rights of plaintiffs by offering and giving inducements to Sauserman to refuse further performance of his contract: Flaccus v. Smith, 199 Pa. 128.

Since the argument our attention has been called to the case of Drum v. Dinkelacker, 262 Pa. 392. The facts and decree in that case are readily distinguishable from those in the case at bar.

We think the injunction preserved the status quo, was beneficial to plaintiffs; and was properly granted and continued.

The appeal is dismissed. Appellant to pay costs of this appeal.