## Richman v. Shprintz

*A. A. Feldman*, for plaintiff.
*M. Silvert*, for defendant.

BONNIWELL, J., February 20, 1936.—The plaintiff, a minor, by his next friend, filed a bill in equity against the defendant to cancel a contract made between them on October 23, 1935, and to recover a check which the plaintiff delivered to the defendant under the contract.

The bill averred that the plaintiff was 19 years of age; that on October 23, 1935, he entered into a written contract with the defendant for the purchase of a grocery store from the defendant, for the sum of $1,650, plus the cost of the merchandise on hand at the time of settlement; that, pursuant to the terms of the contract, the plaintiff delivered to the defendant a check of one Samuel Glaskier, in the sum of $500, made payable to the order of the plaintiff and endorsed over to the defendant, as a deposit on the purchase price; that the plaintiff received nothing from the defendant in the way of property by virtue of the contract; that the plaintiff, on October 30, 1935, repudiated and canceled the contract and demanded the return of the check; that the defendant refused to deliver it to him, and, on November 15, 1935, instituted suit against the maker. Averring further that the proceedings would involve a multiplicity of suits, and that he had no adequate remedy at law, the plaintiff prayed that the defendant be enjoined from transferring or negotiating the check and from proceeding to enforce its payment, and be required to redeliver it to him.

On November 21, 1935, the court ordered a hearing on the bill to determine whether a preliminary injunction should issue. On the following day the defendant filed preliminary objections to the bill, raising the issue that the plaintiff had an adequate remedy at law. On February 6, 1936, an adjudication was filed in which the court found that the averments of the bill were sustained by the testimony taken upon the hearing, and a decree was entered that the agreement between the plaintiff and the defendant was void as against the plaintiff, that the check of Samuel Glaskier to the order of the plaintiff, for $500,

and endorsed to and held by the defendant, was void as against the plaintiff and Samuel Glaskier, and that defendant deliver the agreement and check to the plaintiff for cancellation.

On February 13, 1936, the defendant filed exceptions to the adjudication and assigned as reasons therefor that:

1. The relief granted cannot be given upon an application for a preliminary injunction.

2. The relief granted could be obtained by final decree only.

3. The court was without jurisdiction in entering the decree for want of Samuel Glaskier, an indispensable party to the proceeding.

4. The real matter in controversy, the sum of $500, was not the property of the plaintiff, but of other persons not parties to or represented in the proceedings.

5. By the relief granted property was taken from the defendant's possession and delivered to the plaintiff's possession.

6. The decree deprives the defendant of his constitutional right of trial by jury upon a pure demand as against Samuel Glaskier, not a party to the proceedings.

7. The decree in effect is in favor of and for the benefit of Samuel Glaskier, not a party to the proceedings.

Rule 40, of the Pennsylvania Rules of Equity Practice provides:

"Special injunctions may also be granted at any stage of the proceedings, whenever it is necessary to preserve the *status quo* or to prevent removal, beyond the jurisdiction of the court, of any property which is the subject of litigation."

On the question of the jurisdiction of a court of equity, on an application for a preliminary injunction, to make a mandatory order restoring the status quo, it was said in Leisenring v. Pennsylvania Lighting Co., 59 Pa. Superior Ct. 202, 208:

". . . while in some of the earlier cases will be found the expression that an interlocutory or preliminary in-

junction cannot be mandatory, yet later cases furnish instances where the power has been exercised. See Taylor v. Sauer, 40 Pa. Superior Ct. 229, and cases there cited; to which may be added Corbet v. Oil City Fuel Supply Co., 5 Pa. Superior Ct. 19. It is not to be exercised except in the clearest cases, and only so far as is necessary to restore the status quo, that is, the last actual peaceable and uncontested status which preceded the pending controversy."

And in Taylor v. Sauer, 40 Pa. Superior Ct. 229, referred to in the opinion, the court held, at page 232:

"That a preliminary injunction may be made mandatory is shown by many authorities . . . The writ is only granted where the right is clear; where irreparable injury is likely to result or where the status quo between the parties should be restored."

At the hearing for a preliminary injunction the testimony disclosed that the check of $500, made by Glaskier to the order of the plaintiff, and endorsed over to and held by the defendant, was the money of the plaintiff. The check was payable to and belonged to the minor plaintiff. Glaskier was not a partner in the enterprise, nor a party to the agreement. If the defendant were permitted to persist in his action against Glaskier and were permitted to recover, the result would be a payment of $500 to the defendant with the minor's funds. As the check was delivered to the defendant as a deposit under a void agreement it should be surrendered to the plaintiff with the agreement, to restore the status quo which preceded the controversy. Whenever an instrument exists which may be vexatiously or injuriously used against a party, and he cannot immediately protect or maintain his right by any course of proceedings at law, a court of equity will afford relief by directing the instrument to be delivered up and canceled, or by making any other decree which justice or the rights of the parties may require.

Exceptions dismissed.