Mahanoy Township Authority *v.* Draper et al., Appellants.

Argued April 17, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Roy P. Hicks,* with him *James J. Gallagher* and *James P. Bohorad,* for appellants.

*D. J. Boyle,* with him *John B. McGurl,* for appellee.

OPINION BY MR. JUSTICE LINN, May 7, 1947:

The plaintiff, Mahanoy Township Authority, supplies water in the Township of Mahanoy, the borough of Mahanoy, the borough of Gilberton and other adjacent territory. It was created September 23, 1940, by the Board of Supervisors of Mahanoy Township, in Schuylkill County, pursuant to the Municipal Authorities Act of June 28, 1935, P. L. 463, re-enacted as the Municipal Authorities Act of May 2, 1945, P. L. 382, 53 PS 2900Z (supp.). A governing body of five members was appointed by the Board of Supervisors as required by section 7. The members are public officers: *Com. ex rel. McCreary v. Major,* 343 Pa. 355, 22 A. 2d 686.

There seems to have been a dispute toward the end of 1946 with respect to the membership. We understand from plaintiff's bill that on November 6, 1946, the members were McElhenny, Draper, Bradley, Leary and Mongrain; that in consequence of resignations, appointments and re-appointments, Igo and Sullivan replaced Mongrain and Draper, and that a week later Mongrain was reappointed for a term to begin January 1, 1947. Igo, Sullivan and Mongrain, claiming membership, asserted the right to exercise the office of member on or about January 1, 1947. The members then in office resisted the attempt. The controversy, therefore, was between members in office prior to January 1, 1947, and

those claiming membership after that date, and could only be ended by determining who held title to the office of member. The Authority then filed this bill against four of the incumbents and the superintendent or manager of the water works, charging conspiracy to retain and operate the property by excluding Igo, Sullivan and Mongrain. Mongrain, describing himself as President, made the affidavit to the bill. On plaintiffs' application and on presentation of two affidavits to the truth of the facts averred in the bill, the court without notice to defendants, granted an injunction restraining them, in substance, from having anything to do with the property and business of the Authority, in other words, requiring them to turn the property over to someone else claiming a right to office. Defendants immediately appealed to this court; on their motion, a supersedeas was granted to maintain the status quo in order to avoid interruption of the public service rendered to consumers in various municipalities by the plaintiff.

There has been no challenge to the title of two of the defendant members, Leary and Bradley, who, though entitled to exercise the rights of their respective offices, have nevertheless been enjoined. If there has been misconduct by a member, the Act specifies the remedy. Section 7 provides: "A member may be removed for cause by the court of quarter sessions of the county in which the Authority is located after having been provided with a copy of the charges against him for at least ten days and full hearing by the court."

There are several reasons why the decree must be reversed.

1. The obvious purpose of the bill was to exclude from public office, certain members of the Authority and to permit others, claiming membership, to obtrude themselves into the offices and take over possession and management of the property and business of the Authority. That, said Justice Mitchell, in *Fredericks v. Huber,*

180 Pa. 572, 37 A. 90, "is not the office of a preliminary injunction, which is not to subvert but to maintain the existing status until the merits of the controversy can be fully heard and determined. The sole object of a preliminary injunction, says STRONG, J., in Farmers' R. R. Co. v. Reno, etc. R. W. Co., 53 Pa. 224, 'is to preserve the subject of the controversy in the condition in which it is when the order is made. It cannot be used to take property out of the possession of one party and put it into the possession of the other.' See also Audenried v. Phila. & Reading R. R. Co., 68 Pa. 370, where the whole subject is authoritatively discussed by SHARSWOOD, J." See also *Schuylkill Mining Co. v. Indian Head Coal Co.,* 352 Pa. 398, 400, 43 A. 2d 93; *Kittanning Brewing Co. v. American Nat. Gas Co.,* 224 Pa. 129, 73 A. 174; *Drum v. Dinkelacker,* 262 Pa. 392, 395, 105 A. 509; *Phila. Record Co. v. Curtis-Martin Newspapers, Inc.,* 305 Pa. 372, 377, 157 A. 796.

2. The main issue is title to public office. The general rule is that it must be settled at law by quo warranto proceedings: *Driskel v. O'Conner,* 339 Pa. 556, 15 A. 2d 366, and cases cited page 558. On this branch of the argument plaintiff referred to four cases which do not support its position. *Piro v. Shipley,* 211 Pa. 36, 60 A. 325, considered the right to an easement and not title to an office. *Hunter v. McKlveen,* 353 Pa. 357, 45 A. 2d 222, involved title to real estate and not title to an office. In *Bowers v. Reitz,* 315 Pa. 310, 172 A. 707, it was stated (p. 313) that "plaintiff's title to the office was so clear that it was not involved in these proceedings . . ." In *Kline Township School District v. McAloose,* 317 Pa. 266, 270, 176 A. 435, it appears that intruders had excluded de facto officers and were of course enjoined. That decision is against and not in support of the injunction as appears from the following quotation from our opinion: "The wrongful and illegal acts set forth above are not denied by defendants and no justification in law is set up in their defense. Under such circumstances the

award of the injunction was not only proper but imperative. Appellants' contention that this proceeding is an attempt to have the court determine collaterally the right and title to the offices of school director, is entirely without foundation. The injunction proceedings did not and could not settle the question of the right of Natora and Sekerak to hold office. That matter will be determined by the election contest in due time. What the injunction does decide, however, is that defendants, regardless of the strength of their claim to the disputed offices, cannot take the law into their own hands and by force and intimidation obtain control of the school buildings or exclude the regularly appointed teachers. Had defendants wished to test the right of Natora and Sekerak to be seated on the school board, they could have done so promptly by means of a writ of quo warranto. Their rights were also protected by the election contest proceedings. There was no need to resort to extra-legal methods of self-help."

Decree reversed; costs to abide the event.