Spencer et al., Appellants, *v.* Snedeker et al., County Commissioners.

Argued January 6, 1949. Before MAXEY, C. J., DREW, STERN, PATTERSON, STEARNE and JONES, JJ.

*William A. O'Connor* and *Charles M. Culver,* for plaintiffs, appellants.

*J. Roy Lilley,* County Solicitor, for county commissioners, appellees.

*Harrington Adams,* Deputy Attorney General, with him *Elmer T. Bolla,* Assistant Deputy Attorney General, and *T. McKeen Chidsey,* Attorney General, for Commonwealth, intervening appellee.

OPINION BY MR. JUSTICE PATTERSON, March 21, 1949:

Jay Spencer et al., appellants, residents and taxpayers of the Borough of Towanda, Bradford County, appeal from a decree dismissing their bill in equity to

restrain the county commissioners, appellees, from appropriating moneys out of the general county funds to maintain the Bradford County Library.

Appellants' principal contention is that a county library may not be legally established without an affirmative vote of the electors. The Bradford County Library was established by resolution of the Board of County Commissioners on May 29, 1941, and has since been maintained by annual appropriations from the general fund of the county supplemented by grants from the Commonwealth.

The court below properly held that submission to a vote of the electors is not necessary. The Act of July 20, 1917, P. L. 1143, 53 PS 1701 et seq., last amended by the Act of April 3, 1945, P. L. 111, provides three separate and distinct methods for the establishment and maintenance of municipal libraries. The first method is by action of the municipal authorities, without any vote of the electors, under section 3. Where this method is followed, the mayor and city council, the burgess and borough or town council, the township commissioners or supervisors, or the county commissioners, as the case may be, are empowered to appropriate annually out of current revenue, for such purposes, a sum not to exceed two mills on all taxable property of the city, borough, town, township or county, or they may levy a special tax not exceeding two mills, which may be collected with the general taxes. A second method is set forth in section 4, which provides that the municipal authorities may submit the question to the qualified electors at any general or municipal election, and must do so if petitioned by three per centum of the electors. At such election the question of establishing an annual tax rate not to exceed two mills is required to be submitted. The third method is by popular subscription, as provided in section 7. In such case the municipal authorities are directed to levy and collect a tax on all

taxable property, at the annual rate of not less than one-half and not more than two mills, to maintain the library so established.

If there was any doubt, under the language of the statute as originally adopted, that the legislature intended to authorize establishment of libraries by the municipal authorities, without an affirmative vote of the electors, it has been resolved by the amendatory Act of 1945, supra. As indicated in the title of the Act of 1945, the amendments were adopted for the purpose of "making more specific the power of the municipal authorities of counties, cities, boroughs, towns, and townships, to appropriate moneys out of current revenues for library purposes without the levy of a special tax therefor." Prior to the amendment, the first sentence of section 3 provided that "Any municipality may make appropriations to establish or maintain, or both, a free, public, nonsectarian library, for the use of the residents of such municipality." As amended by section 1 of the Act of 1945, it now reads: "The municipal authorities of any municipality may make appropriations out of current revenue of the municipality, or out of moneys raised by the levy of special taxes to establish or maintain, or both, a free, public, nonsectarian library, for the use of the residents of such municipality." The Act of 1945 also ratifies, confirms, and makes valid "all appropriations heretofore made by the municipal authorities of any municipality, . . . for any of the purposes specified in sections three or twelve of the act" that in other respects comply with the provisions of the Act as amended. Further confirmation of the legislative intent to authorize alternative methods, as outlined above, is found in section 12 of the Act of 1917, as amended, providing for the support of free libraries established "otherwise than under the provisions of sections three, four, and seven of this act."

No question of double taxation is involved merely because the residents of the Borough of Towanda were and are maintaining a borough library supported by special borough taxation. Double taxation exists only where there is the imposition of the same tax by the same taxing power upon the same subject matter: *Commonwealth v. Harrisburg Light & Power Co.*, 284 Pa. 175, 179, 130 A. 412. In the case of county libraries established by vote of the electors, under section 4, it is provided that the question shall not be submitted to the voters residing in subdivisions of the county in which there is being maintained a free, public, nonsectarian library, unless the municipality shall have signified an intention to become part of the county library district, and further that no tax shall be levied on any property in such subdivisions which have not elected to join the county library district. There is no such provision, however, applying to county libraries established under section 3 and section 7. Nor does it appear that there is any practical way in which the property in a particular county subdivision could be exempted where the library is established by the county commissioners and maintained by appropriations out of the general fund as authorized by section 3.

The validity of the appropriations would be unaffected by the legality of the action of the county commissioners in appointing two of their own members to the board of library directors. Cf. *Commonwealth ex rel. McCreary v. Major*, 343 Pa. 355, 364, 22 A. 2d 636. Moreover, the question was not raised by the pleadings and, in any event, is not properly a subject for consideration in this proceeding. The general rule is that title to public office must be settled at law by quo warranto proceedings: *Mahanoy Township Authority v. Draper*, 356 Pa. 573, 576, 52 A. 2d 653. As to the general policy of the law in such cases, however, see *Commonwealth ex rel. McCreary v. Major*, supra, 360.

Decree affirmed. Costs to be paid by appellants.