Plumly, Appellant, *v*. Philadelphia School District.

Argued October 5, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*W. Horace Hepburn, Jr.,* for appellant.

*C. Brewster Rhoads,* with him *Harry C. Schaub, Richard E. McDevitt,* and *Edward B. Soken,* for appellee.

OPINION BY RHODES, P. J., November 13, 1956:

This is an appeal by Francis L. Plumly, surviving trustee of the estate of George F. Lasher, deceased, from the decree dismissing his complaint in equity[1] to restrain and enjoin the School District of the City of Philadelphia and its School Revenue Commissioner from collecting or attempting to collect from the estate of George F. Lasher, deceased, a tax on the gross receipts from rentals under the Act of May 23, 1949, P. L. 1669, as re-enacted and amended by the Act of May 10, 1951, P. L. 265, 24 PS §§584.1-584.12.

Defendants filed an answer to the averments of the complaint together with new matter; plaintiff filed a reply. A hearing was had and exceptions to the chancellor's adjudication were dismissed by the court in banc. Plaintiff thereupon appealed to this Court.

No exceptions were taken to the chancellor's findings of fact, and the facts as found are not questioned. Exceptions were to the conclusions of law.

Appellant, Francis L. Plumly, is the surviving trustee of the estate of George S. Lasher, deceased, who died on March 10, 1917. Included in the trust estate were four loft buildings, located in the City of Philadelphia and known as the Gilbert Building, the Fahnestock Building, the Lasher Building, and the Annex to the Lasher Building.[2] Under the terms of the will the trustee was authorized "to rent out the realty and col-

---

[1] Complaint in equity was filed on October 20, 1953.

[2] The Lasher Building and its Annex were sold on December 21, 1954, and are not involved in the present action except in so far as the rentals produced by them prior to the sale may be taxable.

lect the revenues from thence arising, . . . and to pay over the entire income arising from the estate by this clause" to certain named beneficiaries. Appellant maintains an office in the Fahnestock Building for the purpose of managing the loft buildings. A full-time superintendent who has a separate office has been employed to make repairs to the buildings and to supervise the other employes.

Prior to the sale of the Lasher Building and the Annex the estate had twenty employes engaged in maintaining and operating the buildings. At present thirteen persons are employed in the operation of the remaining buildings. The employes perform the functions of engineers and elevator operators, and provide maintenance and janitor service. All major repairs on the buildings are the responsibility of the estate. In addition to the usual services supplied to the tenants, appellant operates a generator to convert electric current from alternating to direct for the benefit of some of the tenants in their businesses. There are thirty tenants in the two remaining buildings, eight having been secured by the testator during his lifetime, nine by the trustee prior to 1930, six by the trustee after 1930, and seven by real estate brokers. Appellant's present practice is to secure new tenants when necessary through real estate brokers.

Section 3 of the Act of May 23, 1949, P. L. 1669, re-enacted and amended by the Act of May 10, 1951, P. L. 265, 24 PS §584.3, provides: "Every person engaging in any business in any school district of the first class shall pay an annual tax at the rate of one (1) mill on each dollar of the annual receipts thereof."

Section 1 of the Act, 24 PS §584.1, defines "business" as follows: "(2) 'Business.' Carrying on or exercising for gain or profit within a school district of the

first class, any trade, business, including financial business as hereinafter defined, profession, vocation, or commercial activity, or making sales to persons within such school district of the first class." The section further provides for certain exemptions from the definition of business.

The Act of May 23, 1949, P. L. 1661, §1, 24 PS §583.1, provided as follows: "The Board of Public Education in school districts of the first class shall levy annually, on or after the second Monday of November and before the first Monday of December next following, a tax of one mill (.001) on each dollar of the total assessment of all real property assessed and certified for taxation in said district."[3]

Appellant concedes that the real estate held in trust is subject to the tax imposed by the Act of May 23, 1949, P. L. 1661, re-enacted and amended, 24 PS §583.1 et seq., and that the real estate tax imposed upon the trust properties under this act was paid for the years 1949 to 1952, inclusive. The latter act is relevant only in so far as it is related to appellant's contentions concerning the tax on gross receipts.

Appellant has presented two questions on this appeal. First, he contends that the annual gross receipts tax constitutes improper double taxation of the real estate held in trust under the terms of testator's will; second, that the rentals from the loft buildings are not receipts from a "business," as defined in the act. We find no merit in either position.

As said in *Spencer v. Snedeker*, 361 Pa. 234, 238, 64 A. 2d 771, 772, "Double taxation exists only where

---

[3] By the Act of May 29, 1951, P. L. 493, 24 PS §583.1 et seq., the Act of 1949 was re-enacted and amended to provide for a tax of not less than one nor more than one and one-half mills.

there is the imposition of the same tax by the same taxing power upon the same subject matter." There is no question about the principles which are applicable when a second tax is levied upon the same subject matter. The Constitution does not proscribe double taxation, and the power of the Legislature is said to be " 'as ample to tax twice as to tax once.' " *Puntureri v. Pittsburgh School District,* 359 Pa. 596, 599, 60 A. 2d 42, 43. Legislative intention must clearly appear, and the constitutional requirement of uniformity must be satisfied. *Com. v. Fall Brook Coal Co.,* 156 Pa. 488, 495, 26 A. 1071. Although a statute is to be construed to avoid double taxation if such construction is possible, nevertheless, if we assume (without accepting) that there was a double tax on the real estate of appellant the requirements have been met. The legislative intention has been clearly expressed in both acts. The Acts of Assembly were originally enacted on the same day, to wit, May 23, 1949, and provided that each tax shall be in addition to any other tax the school district was empowered to levy and collect. There can be no other conclusion than that the legislative intent was that a taxpayer coming within the purview of both acts was subject to the payment of both taxes. Moreover, the gross receipts tax is levied with the uniformity required by Section 1, Art. IX, of the Pennsylvania Constitution, PS. The act provides that "Every person engaging in any business in any school district of the first class," with certain unquestioned exemptions not here pertinent, shall pay the tax. All businesses and commercial activities as defined in the act are subject to the tax which is uniformly levied upon all receipts thereof in the same manner and at the same rate. There is uniformity and no discrimination. See *Freeman v. City of Philadelphia,* 178 Pa. Superior Ct. 290, 297,

116 A. 2d 349; *Com. v. Harrisburg Light & Power Co.,* 284 Pa. 175, 178, 130 A. 412.

Appellant argues that the gross receipts tax is in reality an income tax, and that as such it is a double tax upon real estate from which the income is derived. The case of *Kelley v. Kalodner,* 320 Pa. 180, 186, 181 A. 598, upon which appellant relies, is not controlling. In the first place, the intention of the Legislature to impose both taxes was unmistakable, and secondly there is here no lack of uniformity.

As to his second contention, appellant argues that the management of the loft buildings and the collection of rentals therefrom is not clearly such a business or commercial activity as falls within the definition of "business." As defined in the act, "business" constitutes "carrying on or exercising for gain or profit . . . any trade, business, . . . or commercial activity, . . ." 24 PS §584.1. The operation of a business by a trust estate could not be a proper exemption and is not within the exemptions as set forth in the act. An attempt to exempt trust estates engaged in business from the gross receipts tax would result in lack of uniformity in the application of the tax upon similar kinds of business. *Board of Christian Education of The Presbyterian Church v. Philadelphia School District,* 171 Pa. Superior Ct. 610, 617, 91 A. 2d 372.

Among the qualifying requisites under the act's definition of "business" is that the business be operated for gain or profit. *Philadelphia School District v. Frankford Grocery Co.,* 376 Pa. 542, 548, 103 A. 2d 738. There is no question but that appellant maintains and operates the loft buildings in order to realize a profit which is to be passed on to the beneficiaries of the trust; and it appears that the trust is making a profit. It is appellant's ultimate position that he does not conduct

a "business" or "commercial activity," and hence is not subject to the gross receipt tax. It is his argument that the Legislature intended by its definition of "business" that the tax apply only to "two types of enterprise, that of rendering personal service and that of selling or exchanging merchandise." We are unable to accept this argument.

The chancellor found, and it is not contradicted, that appellant not only collects the rentals but also provides managerial, janitorial, and other services for the tenants. In *Pennsylvania Co. for Insurances on Lives and Granting Annuities v. Philadelphia*, 346 Pa. 406, 410, 414, 415, 31 A. 2d 137, 139, it was held that the definition of the word "business" in a revenue measure as "an enterprise, activity, profession, or undertaking of any nature conducted for profit," included the collection of rentals from commercial buildings where the trustee engaged in such activities as the employment of labor, the active management of the property, and supervisory efforts. In *Philadelphia Suburban Water Co. v. Pennsylvania Public Utility Commission*, 164 Pa. Superior Ct. 320, 327, 328, 64 A. 2d 500, this Court held that the operation of an apartment development where the owner supplied utility service to the tenants was a commercial activity for utility rate purposes. In *Board of Christian Education of The Presbyterian Church v. Philadelphia School District*, supra, 171 Pa. Superior Ct. 610, 91 A. 2d 372, we held that the gross receipts tax in question in the instant case applied to rentals received by a charity from tenants in an office building. In speaking for this Court, Judge RENO said (page 619 of 171 Pa. Superior Ct., pages 375, 376 of 91 A. 2d) : "The instant tax is laid upon *receipts from business*, including *receipts* from any *commercial activity*. . . . To the extent that the Board leases office

130

space to commercial tenants it is engaged in business, as all our cases hold, and the rent is a receipt from a business." Appellant attempts to distinguish the latter case on the ground that the rentals there involved were from commercial office tenants, whereas in the present case the rentals are from loft tenants and the janitorial services are not as extensive as in an office building. We are not impressed by the attempted distinction.

Under the Statutory Construction Act of May 28, 1937, P. L. 1019, §58, 46 PS §558 (3), provisions imposing taxes shall be strictly construed. In so viewing the Act of May 23, 1949, P. L. 1669, as re-enacted and amended, 24 PS §584.1 et seq., we conclude that the management and operation of the loft buildings by appellant constitute a business or commercial enterprise subject to the gross receipts tax, and that the Legislature intended this tax, under these circumstances, to be imposed in addition to the real estate tax under the Act of May 23, 1949, P. L. 1661, as re-enacted and amended, 24 PS §583.1 et seq.

The decree of the court below is affirmed, at the cost of appellant.

