UNITED STATES of America ex rel.
Charles WATKINS

v.

COMMONWEALTH OF PENNSYLVANIA, and James. F. Maroney, Superintendent, State Correctional Institution, Pittsburgh 33, Pennsylvania.

Civ. A. No. 62–627.

United States District Court
W. D. Pennsylvania.

March 8, 1963.

914

Charles Watkins, pro se.

Paul Andrew Village, Duquesne, Pa., for defendant.

ROSENBERG, District Judge.

The relator, Charles Watkins, is now imprisoned in the State Correctional Institution at Pittsburgh, Pennsylvania. He filed a petition for a Writ of Habeas Corpus to test whether or not he was being unlawfully deprived of his freedom.

Pursuant to the petition filed in this Court on August 9, 1962, a rule issued to show cause why a writ of habeas corpus should not be granted, permission was given the petitioner to proceed in forma pauperis, and the Clerk of Court was ordered to secure counsel to represent the relator in this proceedings. Thereupon, Paul A. Village, Esquire, was appointed as counsel for the relator. A return was made by the respondent and an answer filed by the District Attorney of Lawrence County. In addition, appointed counsel reported orally to this Court that after consulting with the relator and examining the records, he could add nothing further on the record in behalf of the relator.

From the records before this Court and from the report of counsel, sufficient facts appear for a determination of the questions raised by the relator in his petition for the issuance of a writ of habeas corpus.

The relator was indicted by the Grand Jury of Lawrence County at No. 22 September Session 1957 on a charge of burglary. After the case was certified into the Court of Oyer and Terminer at No. 1 September 1957, the relator represented by counsel was tried and found guilty of the offense charged. He was thereupon sentenced by the Lawrence County Court on September 26, 1957, to pay the costs of prosecution and a fine of 6¼¢, and to undergo imprisonment for and during the period of a term of not less than four years nor more than eight years in the State Correctional Institution at Pittsburgh.

On February 23, 1961, the relator filed in the Lawrence County Court a petition for a writ of habeas corpus in forma pauperis. On March 13, 1961, he filed a motion for leave to amend his original petition assigning additional reasons, and on March 24, 1961, the then District Attorney filed an answer. On April 14, 1961, the relator filed a traverse to the answer of the then District Attorney, and the then President Judge directed the papers to be filed. Both the District Attorney and the President Judge left office on the first Monday of January, 1962. The matter thereafter was brought to the attention of the present District Attorney and to the present President Judge.

The relator's petition is based upon two complaints:

1. The failure of the Lawrence County Court to hear his petition for a writ of habeas corpus, and its failure to act thereon has, in effect, suspended his privilege of a writ of habeas corpus contrary to Article 1, Section 9, Clause 2 of the Federal Constitution, and in violation of

the right guaranteed him under the 14th Amendment of the Constitution; and,

2. The failure of the General Assembly of the State of Pennsylvania to reapportion once every ten years as required by the Pennsylvania Constitution, caused the statute by which he was indicted, convicted and sentenced to be illegal and void. Therefore, his incarceration is void and wrongful.

The second of these will be discussed first. The District Attorney of Lawrence County urges the lack of authority in this Court to consider the Pennsylvania General Assembly's failure to act on the matter of apportionment pursuant to Article II, Section 18 of the Pennsylvania Constitution, because it is "purely a question" of a "political nature" and "therefore not proper for judicial determination".

This fundamental principle of law was lately defined by the United States Supreme Court in Baker et al. v. Carr et al., 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663. The Supreme Court in this case reversed a decision of a three-judge court (D.C., 179 F.Supp. 825) and remanded the case to the District Court for further action.

In that case the complaint was made that the legislature of the state had not complied with the provisions of the State Constitution requiring apportionment periodically, similar to that contained in the Pennsylvania Constitution.

The Supreme Court stated as follows ·

"In light of the District Court's treatment of the case, we hold today only (a) that the court possessed jurisdiction of the subject matter; (b) that a justiciable cause of action is stated upon which appellants would be entitled to appropriate relief; and (c) because appellees raise the issue before this Court, that the appellants have standing to challenge the * * * apportionment statutes."

Thus, there is no longer any defense that the failure of the legislature to re-apportion pursuant to the directions or provisions of the State Constitution is "political". The objection raised here now by the District Attorney of Lawrence County, therefore, has no meaning.

By virtue of the Act of June 25, 1948, c. 646, 62 Stat. 967, 28 U.S.C.A. § 2254, this Court has authority to inquire whether an appellant for a writ of habeas corpus in behalf of a person or in his own behalf who is in custody pursuant to a judgment of the state court, has any justifiable complaint because of either the absence of an available state corrective process or of the existence of circumstances rendering such process ineffective to protect the right of the prisoner.

The relator complains "The State Senate was last re-apportioned in 1923 and the House in 1951 to a limited extent, but they have not jointly re-apportioned themselves for over 40 years in expressed violation of Article Two, Sections 16, 17 and 18 of the State Constitution." He recited that by virtue of the legislature enacting the Criminal Code of 1939, the relator was imprisoned for violation of that statute or a section thereof, and that such conviction was "without constitutional authority to do so—said legislators being elected illegally".

This is a petition for a writ of habeas corpus and must be considered as such. It is, therefore, incumbent upon this Court to determine the sufficiency of the basis upon which the petition rests and the reasonableness thereof. O'Malley v. Hiatt, D.C., 74 F.Supp. 44; Dunlap v. Swope, 9 Cir., 103 F.2d 19. There can be no consideration of a petition which has no basis in fact or is otherwise frivolously or absurdly based. McMahan v. Hunter, 10 Cir., 179 F.2d 661.

It is the opinion of this Court that the second complaint upon which the relator relies has no basis either in fact or in reason. This is so because first, the relator is here attempting indirectly to invalidate a state statute by a petition for a writ of habeas corpus. His complaint is that the legislators who enacted the statute by which he was convicted,

were "elected illegally", and so his conviction was unconstitutional.

■ Thus, while seeking consequentially to invalidate a state statute, his object here is to strip the legislators, who enacted the law, of their authority and to oust them, in retrospect, from office and title to office. This again is being indirectly done since title to public office may be tested only in Pennsylvania courts by procedures in quo warranto. Shoemaker v. Thomas, 328 Pa. 19, 195 A. 103; Mahoney Township Authority v. Draper, 356 Pa. 573, 52 A.2d 653; Spencer v. Snedeker, 361 Pa. 234, 64 A.2d 771.

■ Even such unstable assertions are met by an abundance of law which guides this Court. There is well-settled law that where one who is in possession of public office under color and authority derived either from election or appointment, however irregular or informal, and where such a one discharges his duties in behalf of the public or in public interests, the acts of such a one are valid and binding whether his status is de jure or de facto. This has been recognized as early as 1812 when in the Bank of America v. McCall, 4 Binn. 371, 4 Pa. 371, where a prisoner was indicted for murder in a court acting under authority of a government de facto, the indictment was legal and binding. See also Commonwealth v. Brownmiller, 141 Pa.Super. 107, 14 A.2d 907; Coyle v. Commonwealth, 104 Pa. 117; Warner v. Borough of Coatesville, 231 Pa. 141, 80 A. 576; Commonwealth ex rel. Palermo v. City of Pittsburgh, 339 Pa. 173, 13 A.2d 24; Borough of Pleasant Hills v. Jefferson Township, 359 Pa. 509, 59 A.2d 697; Town of Largo v. Richmond, 109 F.2d 740, 742 (5th Cir.).

Finally, it is incumbent upon this Court to pass upon the question however remote the attack upon the invalidity or constitutionality of the state statute involved so as to determine whether or not a three-judge statutory court should be convoked; for if a federal question is substantially raised by the relator, it would be incumbent upon this Court to have a statutory court convoked. Again by indirection, the relator seeks to restrain officers of the State of Pennsylvania in the "enforcement or execution of the Act of 1939" by which he was arrested, indicted, convicted and sentenced.

■ Congress has provided [1] that no injunction, either interlocutory or permanent, may be granted by any district court upon the ground of unconstitutionality of such statute, unless the application therefor is heard and determined by a district court of three judges. A determination by three judges is not provided for where the validity of a statute is merely drawn in question, but only for a case where there is an application for interlocutory or permanent injunction to restrain the enforcement of a statute. Smith v. Wilson, 273 U.S. 388, 47 S.Ct. 385, 71 L.Ed. 699. Farmers Gin. Co v. Hayes, D.C., 54 F.Supp. 43.

■■ This provision does not require three judges to pass upon the initial question of jurisdiction. The existence of a substantial question of constitutionality must be determined from the allegations of the complaint.

It is incumbent upon the trial judge to determine in the first instance whether a case is one requiring disposition by a federal court convened in accordance with the statute. Ex parte Williams, 277 U.S. 267, 48 S.Ct. 523, 72 L.Ed. 877; J. B. Shermerhorn, Inc. v. Holloman County Treasurer et al., 74 F.2d 265, 266 (Tenth Cir. 1935). And where no cause of action is or can be shown on the facts alleged in a complaint so that no legally cognizable claim is stated, the complaint must be dismissed because it presents no substantial federal question. Carrigan v. Sunland-Tujunga Telephone Company et al., 263 F.2d 568 (Ninth Cir. 1959). Here the complaint with its circuitous approaches is completely lacking in substance.

■ In any event, a three-judge court has no relation to habeas corpus proceed-

1. 28 U.S.C.A. § 2281.

ings. Straton v. St. Louis R. Co., 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135; Moore v. Dempsey, 261 U.S. 86, 91, 43 S.Ct. 265, 67 L.Ed. 543; U. S. ex rel. Murphy v. Warden of Clinton Prison, 29 F.Supp. 486, 489 (D.C.N.D.N.Y., 1939).

The writ of habeas corpus is extraordinary in character and should be used as an extraordinary remedy, and not for testing the ingenuity of individuals who seek to circumvent the consequence of their own wrongful actions, nor for testing the adventure of persons gambling for an opportunity for freedom on mere speculation or frivolity. Furthermore, the relator has not attempted to resolve any question of substance which he may not have resolved in the state courts. For all of these reasons the petition for a writ of habeas corpus is denied.