This is an appeal from an Order restraining the Defendant City from assessing against the Plaintiff an income tax upon the profits accruing from its operation of certain business properties, as Trustee for individual and sundry trusts.
Section 2(c) of the Philadelphia Income Tax Ordinance, approved December 13, 1939, imposes a tax of one and one-half per centum, subsequently reduced to one per centum, upon "the net profits earned after January 1, 1939, of businesses, professions or other activities conducted by . . . residents." It is further provided:
"The tax levied under (c) . . . herein shall relate to and be imposed on the net profits of any business, profession or enterprise carried on by any person as owner or proprietor, either individually or in association with some other person or persons."
Pursuant to these provisions, the Receiver of Taxes of Philadelphia, on February 28, 1941, issued certain regulations for purpose of administration, one of which is particularly applicable to the Trustee in this case. *Page 409 
The Plaintiff Trustee averred that the application of the tax to its real estate operations would impose upon it an unreasonable burden, in that it has a great number of properties of the types mentioned taken by foreclosure of mortgages held by it, either as Trustee for sundry trusts or as Trustee for the holders of participating mortgage certificates, as well as properties held by it as Trustee of individual estates, which it has been obliged to take over and operate by reason of default. It alleges that the regulation of the Receiver is without authority under the ordinance because in so operating the properties Plaintiff is not engaged in conducting a business for profit, but is merely conserving the assets of the trust estates pending liquidation and sale. Plaintiff also objects to the attempted classification of types of business properties for the purpose of determining whether the profits derived from their operation are taxable, on the ground that it results in unequal taxation in violation of the Pennsylvania Constitution. Appended to this Bill Plaintiff attached certain illustrations of business properties operated by it, which would be subject to the tax under the regulation. These illustrations will be subsequently discussed.
The Defendant City filed an Answer denying the principal averments of the Bill, and the hearing was had before the court below, at which testimony was taken. Thereafter the court issued its final Decree granting the injunction prayed for and dismissed Defendant's exceptions.
The appeal, therefore, raises two principal questions:
1. Is a corporate trustee, operating real estate as mortgagee in possession or as owner, for the purpose of protecting the assets of the estate pending liquidation and sale, engaged in "a business, enterprise, activity or undertaking conducted for profit" within the meaning of the Philadelphia Income Tax Ordinance?
2. Is the classification of the types of business by the regulation of the Receiver of Taxes a violation of the *Page 410 
constitutional provision for equal and uniform taxation?
The validity of the Philadelphia Income Tax Ordinance is not in question: Dole v. Philadelphia et al., 337 Pa. 375. The only problem presented is whether the particular activities of the Plaintiff Trustee are taxable under its terms.
It is conceded that the Receiver of Taxes had no authority to go beyond the scope of the ordinance in promulgating regulations. The first question is whether he did so in this case.
The ordinance expressly taxes net profits derived by residents of the City from "businesses, professions, or other activities conducted by such residents." The ordinance defines "resident" as "an individual, co-partnership, association, or other entity domiciled in the City of Philadelphia." Plaintiff is a resident within the meaning of the ordinance.
Plaintiff's principal contention is that it is not engaged in a "business". As the ordinance itself has defined this word, we shall not quote from case books and Law Digests concerning definitions derived from the use of this word in other writings and statutes. Section 1 defines it as follows:
"An enterprise, activity, profession, or undertaking of any nature conducted for profit, or ordinarily conducted for profit, whether by an individual, co-partnership, association, or any other entity."
Plaintiff's argument is based upon the fact that in the instances cited in its Bill the operation of the specific properties involved was undertaken, not voluntarily as a business venture, but because its duties as Trustee required it to operate the buildings to conserve the assets of the trust until such time as the investment could be liquidated. Plaintiff would make the test a matter of motive. The ordinance does not recognize such a distinction. It seems clear that the City meant to tax the net profits of the business conducted by a resident, regardless *Page 411 
of the reasons which prompted the resident to undertake the venture. The fact that Plaintiff is not engaged primarily in the real estate business and that the trusts which it administers were not created for the purpose of engaging in the real estate business or the hotel business does not detract from the manifest character of Plaintiff's activities.
The court below was unduly impressed by Plaintiff's status as Trustee. The capacity in which Plaintiff operates these activities is not important. The ordinance taxes all residents conducting business, whether they be corporate, fiduciary, or individual. The ordinance itself defines a "person" as "every natural person, co-partnership, fiduciary (italics ours) or association." It granted no immunity to trustees as such. Nor is it significant that Plaintiff, in operating these properties, is merely performing its normal duty as a trustee. The question is not whether Plaintiff has breached its duty to the beneficiaries by operating these properties. There is no attempt made by the City to question Plaintiff's conduct as fiduciary or to impose any surcharge upon it. It is merely asking that it, like any other person conducting similar enterprises, pay the tax which such other person would be obliged to pay on the net profits. Had this Plaintiff Trustee held a mortgage upon (a) a railroad, (b) a theatre, or (c) a hotel, and had been obliged to foreclose the mortgage, take possession, and operate any of such businesses, it could hardly be claimed that the trustee would be relieved from paying the same taxes which any owner would have had to pay while so operating such businesses.
By stipulation the Plaintiff offered six illustrations of the character and method of their operations: (1) a four-story apartment building containing two units of fifty-two apartments each; (2) an office building of five stories and seventeen offices; (3) a loft building of six stories devoted to manufacturing and storage; (4) a two-story apartment house, with one apartment on each *Page 412 
floor; (5) a three-story store and apartment building; and (6) two-story store and office building. In each of these illustrations, in varying degrees, the Plaintiff furnished services consisting of labor, heat, light, power or supervision. In no case did the duties of the trustee consist solely of collecting rent and transmitting same to the beneficiaries. It seems clear that in each illustration Plaintiff is conducting a business for profit, or an enterprise ordinarily conducted for profit, within the meaning of the ordinance. The method of acquisition, whether by devise, purchase or execution; the period of operation, whether for one year or more, and the purpose for engaging in the enterprises, are not pertinent under the ordinance. If Plaintiff desires to operate these business properties in its discretion as trustee, it must pay the same tax as any other operator of the premises would be obliged to pay upon the net income, as an incident of operation. It is no more unreasonable to require the payment of these income taxes than to require the payment of real estate taxes upon the properties for the period of ownership, even though title was forced upon it by the default of mortgages, and even though the trustee intends to dispose of the premises as soon as possible.
Plaintiff has cited the case of Morrissey v. Commissioner,296 U.S. 344, for the proposition that it is not conducting a business enterprise because its purpose in operating the properties is conservation and liquidation. Plaintiff has mistaken the significance of that decision. The sole question was whether the trust in that case was a "corporation" within the meaning of the Revenue Code, in the sense that it was an "association" for the transaction of business. It was held that it was. Plaintiff refers to the dictum that if a trust acquires and operates business properties merely for liquidation of investments, and not pursuant to the original plan or purpose of the settlor or settlors, it is not taxable as a business association. Obviously this has no bearing *Page 413 
upon the question of whether the trust is actually conducting a business, though it may not be a business association within the restricted meaning of the Revenue Code. The same point was involved in Swanson v. Commissioner, 296 U.S. 362; Helvering v.Coleman-Gilbert Associates, 296 U.S. 369; Hecht v. Malley,265 U.S. 144; Broadway-Brompton Bldgs. Liquidation Trust v.Commissioner, 34 B. T. A. 1089; Cleveland Trust Co. v.Commissioner, 115 F.2d 481; United States v. Davidson,115 F 2d 799; Commissioner v. Chase National Bank, 122 F.2d 540. The limited effect of these cases is clearly stated in Richardsv. Commissioner, 81 F.2d 369, at page 373: "In each of these cases the question presented for determination was whether or not the trusts involved were 'associations' which would come within the definition of 'corporations' as used in the act." Referring to certain similar decisions, among them Commissionerv. Morriss Realty Co., Trust No. 2, 68 F.2d 648, the court said: "It is true that the test applied in the cases last cited appears to be that if the purposes of the trust are liquidation and distribution, then the trust is not such an 'association'. We cannot adopt such test to determine what is a 'business'." See also Ehrman v. Commissioner, 120 F.2d 607, 610. The case of Ross v. Philadelphia et al., 149 Pa. Super. 33, is not in point. There, it was held that a Catholic priest is not liable to the payment of the City tax upon gifts or gratuities from his parishoners because they do not constitute earned income. The contention that the profits derived from the operation of these business properties are unearned income must be rejected. Plaintiff is operating the business properties in question as enterprises or undertakings for profit, and the City cannot be deprived of the tax upon the income derived from them merely because Plaintiff is so engaging in its capacity as trustee.
Plaintiff's contentions that the regulation of the Receiver of Taxes, describing the type of business properties the profits of which are taxable when operated by *Page 414 
trust estates, is beyond the scope of the ordinance and in violation of the Constitution of this State, may be treated together.
Under Section 6 of the ordinance the Receiver is expressly authorized to promulgate "rules and regulations relating to any matter or thing pertaining to the administration and enforcement of the provisions of this ordinance . . .". The regulation of February 28, 1941, provides that profits derived by trusts from the operation of individual houses, duplex apartments, and apartments of three stories or less "where the trustee operates the same without employing help", are not taxable, if the properties were obtained by foreclosure or operated by the trustee as mortgagee in possession. Where the properties were acquired otherwise than by foreclosure, certain factors are set forth for determining whether the operation is subject to the income tax on net profits. One of these factors is the employment of labor. Another class of properties, embracing hotels, apartment hotels, loft buildings, office buildings, and apartment houses of three or more stories, is created, the operation of which is subject to the tax.
The classification recognized by the regulation is obviously intended to distinguish between properties commonly known as business properties and those commonly designated as homes or residences, including small apartment houses where the employment of no staff is required. As the Superior Court pointed out in Ross v. Philadelphia et al., supra, the ordinance contemplates a tax only upon "earned income". This implies that some labor, management or supervision must be involved in the production of that income. Income derived merely from the ownership of property would not satisfy the definition. It is therefore important to determine in the case of any property producing income to a trust estate whether the trustee, through agents or servants, is actively managing and supervising the operation of the property. The ordinance defined "business" as an "enterprise" *Page 415 
or "undertaking" "conducted for profit or ordinarily conducted
for profit." These words signify activity and participation on the part of the taxpayer. Insofar, therefore, as the regulation has classified as taxable enterprises those involving the employment of labor by a trustee, and those requiring or ordinarily requiring active management and supervisory efforts, it is within the spirit and the letter of the ordinance.
Plaintiff objects, however, that the Receiver has included among the class of taxpayers, mortgagees in possession, who, it asserts, are not "owners" or "proprietors" as these words are used in the ordinance. The word "proprietor" is defined inWebster's New International Dictionary as: "an owner; sometimes, especially in statutory construction, in a wider sense, a person having an interest less than an absolute and exclusive right, as the usufruct, or present control and use, of property." That City Council intended to use the word "proprietor" in the wider sense is apparent from the fact that the word appears in the ordinance with, and in contrast to, the word "owner". It cannot be assumed that the expression "owner or proprietor" is merely tautological, where the words employed have distinctive connotations. A mortgagee in possession is so clearly a "proprietor" in this sense, that it is unnecessary to point out that in this State the mortgagor conveys title to the mortgaged premises to the mortgagee, retaining an equity of redemption, and that, upon taking possession on default, the mortgagee exercises many of an absolute owner's prerogatives.
The regulation was therefore validly promulgated by the Receiver within the scope of the ordinance. As it represents a bona fide and reasonable attempt to make an administrative classification of operations as taxable and nontaxable, depending upon whether the taxpayer is engaged in performing services and actively managing property in the conduct of business thereon, or whether he is merely receiving unearned income from *Page 416 
the passive ownership of property, it is in harmony with Section 1 of Article IX of the Constitution requiring that taxes shall be uniform upon the same class of subjects. InDole v. Philadelphia, supra (337 Pa. 375), and Butcher v.Philadelphia et al., 333 Pa. 497, it was held that incomes could be validly classified as earned and unearned for the purpose of such a tax, and the Receiver's regulation is merely definitive of that classification with specific reference to real estate operations by trustees.
In National Transit Company et al. v. Boardman, 328 Pa. 450, at page 456, Mr. Justice Linn said: "The reasonableness of classification is for the legislature in the first instance; unless there is no rational basis for it, the court will not interfere." Here it cannot be successfully contended that the regulation made for administrative purposes is unreasonable on its face. Its application to the situations cited by Plaintiff as illustrative cases shows that it is not unreasonable in operation. As Mr. Justice LINN said, however, at page 457: "Classification is not necessarily invalid because borderline cases may present situations which, if they stood alone, might constitute argument against the adopted classification." See also Turco Paint Varnish Company v. Kalodner et al., 320 Pa. 421; Dole v. Philadelphia, supra.
Plaintiff urges that it is unconstitutional to make regulations for trustees as a class, as opposed to individuals. The ordinance makes no such distinction. There is nothing in the record to indicate that the same considerations applicable to the operation of these types of property by trustees under the regulation, would not also be applied to individuals in similar circumstances.
Plaintiff's final objection is that the regulation violates the "rule against double taxation" because it would be obliged to pay the income tax upon net profits derived as mortgagee in possession of business properties while subject at the same time to personal property taxes or the mortgages, or to the corporate loans tax in *Page 417 
the case of certain corporate bonds. Plaintiff concedes that double taxation is permissible so long as the City does not violate the Sterling Act of August 5, 1932, P. L. 45 (Sp. Sess.). Under the ordinance, the City is taxing earned income from the operation of a business; the personal property tax and the corporate loans tax are in entirely different fields of taxation, and are levied upon different subjects. By the greatest stretch of the imagination the regulation cannot be said to result in double taxation as that term is understood, and if it did, there would be no impropriety. The so-called "rule" does not prohibit double taxation, it merely requires that statutes and ordinances be construed to avoid double taxation if such a construction is possible.
The final decree of the court below is reversed; the injunction is dissolved; and the bill is dismissed. Costs to be paid by Appellee.