## Schneeberg v. Tax Review Board

708

*William Ginsburg,* for appellants.

*Maier Segal,* Assistant City Solicitor, for Tax Review Board.

KELLEY, J., January 18, 1963.—This is an appeal from a decision of the Tax Review Board of the City of Philadelphia. The board, after a hearing, dismissed a petition to review the Net Profit Tax and Mercantile License Tax assessments against petitioner for income received as rent, interest on mortgages and sale of real estate.

The record reveals the following facts: Abraham Schneeberg died intestate on October 1, 1932, leaving seven children surviving. His estate consisted of 34 parcels of real estate and six mortgages. On July 9, 1941, the surviving beneficiaries entered into a trust agreement under the terms of which they transferred the real estate and mortgages to the trustee-taxpayers for the purpose of liquidating the holdings and distributing the proceeds to the persons entitled thereto under the intestate law. The three trustees were lawyers, two of whom did not practice law but were employed as teachers in the Philadelphia school system.

The trustees were given power, during the period of liquidation, to continue to collect rents, to rent and re-rent real estate, collect mortgage interest, and otherwise manage and control the trust assets as if managed and operated by the settlors themselves, but with full authority to liquidate. The trustees had the right under the terms of the trust agreement to pay to themselves commissions for the collection of rent and mortgage interest and to pay themselves, in addition to commissions, such sums as should reasonably compensate them for services rendered in administering the trust, but not to exceed the sum of $200 per annum for each trustee.

The trustees, by exercising the option to extend the trust for one year periods beyond the original three

year term, continued the trust until May 9, 1950, at which time the trustees executed an agreement for the extension of the trust pending further liquidation. On the date of the hearing before the board, the trust was still in existence and continued to hold nine of the original parcels of real estate and the six mortgages acquired by the estate from the decedent.

Pursuant to the trust agreement, the trustees rented the real estate, made repairs thereon, collected rentals and mortgage interest payments and paid themselves $200 annually for postage and stationery, maintaining the books and records of the trust, investigations, and for other expenses incurred in the administration of the trust. No services, such as janitorial or otherwise, were provided for the tenants, although in several instances oil, electricity and gas were furnished to tenants at the owner's expense.

No additional property was acquired nor were any new mortgages purchased or procured except in one or two instances where a purchase money mortgage was accepted in connection with a sale. When proceeds were received by the trustees they were immediately distributed to the persons entitled thereto.

Under either the Net Profits Tax Ordinance or the Mercantile License Tax Ordinance it is necessary to determine whether the activity required to produce the taxpayer's income is such as to classify it as "active conduct of a money making operation" as opposed to "acts done by one not engaged in business but merely conserving his property." If it falls in the latter category, it is not subject to either tax: Price v. Tax Review Board, 409 Pa. 479.

The taxpayer's activity in the instant case was less than that indicated in the Price case, supra, or in the case of Breitinger v. Philadelphia, 363 Pa. 512 (1950).

In the Price case, the taxpayers formed a partnership to manage an apartment building owned by them as tenants in common. Heat and hot and cold water

were supplied to the apartments and a janitor and a helper were employed on a full time basis to maintain the premises and take care of the heating system. Electricity and gas were supplied to several of the apartments and the building contained a self service elevator, laundry tubs and locker storage facilities. On the basis of these facts the court concluded that the acts and services were insufficient to show that the taxpayers were engaged in a taxable business under the Mercantile Tax Ordinance.

In the Breitinger case, the taxpayer employed real estate agents to manage his holdings. His agents hired a janitor for one parcel, furnished electricity to 34 garages, made repairs and paid insurance. In addition, the taxpayer purchased and sold properties when the price warranted it. The income from both the rentals and sales of this real estate was held not taxable under the Net Profits Tax Ordinance.

In view of the fact that neither the method of acquisition nor the period of operation of the real estate is material to the issue before us (Pennsylvania Co. v. Philadelphia, 346 Pa. 406 (1943)), it is clear that the trust is not subject to the taxes sought to be imposed upon it.

It is the contention of the Tax Review Board, however, that where an entity, be it a corporate entity, a partnership or association, is formed for the specific purpose of holding, managing and maintaining real estate, collecting rents thereon and distributing the rentals, the entity so formed is a business entity and its activities are business activities and, as such, taxable despite the fact that the taxpayer renders no services to the tenants of the property in question and that an individual owning and operating the properties in the same way would not be so taxed. See Maneely, Inc., T. R. B. Opinion 61-2, Feb. 16, 1961, 3 C. C. H. Penna. State Tax Rep., Par. 200-141 (1961). The board's re-

liance on the case of Bankers Security Corp. v. Philadelphia School District, 16 D. & C. 2d 248, affirmed 397 Pa. 413 (1959), to support this contention is not applicable. The tax there under consideration was the general business tax under the Act of May 23, 1949, P. L. 1669, as amended, 24 PS §584.1 et seq., which does not allow for a distinction between net profits earned, as taxable income, and net profits not taxable because net gain resulting from professional or business activity. In other words, both earned and passive income are subject to the tax. Furthermore, the court there first determined that the taxpayer-corporation's activity in operating a department store, four hotels and numerous other properties made it clear that the corporation was a "business" within the meaning of the statute. Having so found, the court then concluded that it would be unrealistic to exclude, from the corporation's tax base, dividends and profits on the sale of securities held by the corporation. The court observed that the investments, worth some $50,000,000, obviously enhanced the credit standing of the other enterprises and that there was no separate dividend policy with respect to the stock investment income as compared with the income from other sources. In the present case, however, the issue before us is whether the trust is a "business" within the meaning of the applicable ordinances and it is not necessary, therefore, to consider whether both earned and passive income are includible in the tax base of an entity which is a "business" within the definition of the said ordinances.

The proper rule with regard to an entity which merely owns property and collects rent, without performing services in connection with the property sufficient to render an individual taxable under the same circumstances, was stated by the court in the recently decided case of Price v. Tax Review Board, supra. The court there stated, at page 486: "It is true that appel-

lants have chosen to form a partnership and receive and report their income from this property as such. There may be many reasons for their having done so and we will not conjecture what they might have been. Suffice it to say, that the fact, either alone or in conjunction with all the others, does not make a 'business' of the rental of these apartments." See also A. H. Geuting Co. v. City of Philadelphia, 1 D. & C. 2d 341 (1954), in which the same rationale was applied to a corporation.

In view of the rule requiring strict construction of tax statutes, resolving any reasonable doubt in favor of the taxpayer (Price v. Tax Review Board, supra; Paper Products Company v. Pittsburgh, 391 Pa. 87 (1958); Breitinger v. Philadelphia, supra), we hold that the income here in question is not taxable under the ordinances.

Appeal sustained.