615 A.2d 900

**Philip P. and Margaret B. KALODNER, Petitioners,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 19, 1992.

Decided Aug. 27, 1992.

250

---

Philip P. Kalodner, for petitioners.

Kevin A. Moury, Deputy Atty. Gen., Tax Litigation Section, for respondent.

Before DOYLE and SMITH, JJ., and LEDERER, Senior Judge.

DOYLE, Judge.

Philip P. Kalodner and Margaret B. Kalodner (Taxpayers) appeal an order of the Board of Finance and Revenue (Board) which disallowed deductions from the Pennsylvania individual income tax for contributions made to their retirement plans.

■ Appeals filed with this Court from the Board are de novo in nature, with no record being certified from the Board. *AMP Products Corp. v. Commonwealth,* 140 Pa.Commonwealth Ct. 346, 593 A.2d 1 (1991). Under Pa.R.A.P. 1571(f), in an appeal from the Board the parties "shall take appropriate steps to prepare and file a stipulation of such facts that may be agreed to. . . ." On February 3, 1992, the Taxpayers and the Commonwealth of Pennsylvania stipulated to the following pertinent facts which we hereby adopt:

## FINDINGS OF FACT

1. Philip P. Kalodner and Margaret B. Kalodner (hereinafter "Taxpayers") jointly filed a timely 1986 Pennsylvania individual income tax return reporting taxable income of $61,330.00 and a tax obligation of $1,325.00.

2. Taxpayers are both self-employed individuals who each own and operate their own sole proprietorship; Philip B. Kalodner as a lawyer and Margaret P. Kalodner as an interior designer.

3. In computing their joint Pennsylvania taxable income for 1986, each taxpayer deducted from their respective proprietorships Pennsylvania Schedule C gross receipts contributions made by themselves to their own Keogh plan or Individual Retirement Accounts, in the total amount of $43,240. The business expense deduction claimed by Philip P. Kalodner on his Pennsylvania Schedule C was compromised of the $39,240 he contributed to his own Keogh plan and the $2,000 he contributed to his own Individual Retirement Account. The full amount of the business expense deduction claimed by Margaret B. Kalodner on her Pennsylvania Schedule C, $2,000, was her contribution to her own Individual Retirement Account.

4. In computing their 1986 joint federal taxable income, taxpayers deducted this same total of $43,240 as adjustments to gross income under the lines found on their 1986 joint return (Federal Form 1040) for adjustments to gross income entitled "IRA deduction" and "Keogh retirement plan deduction." These deductions were not claimed on the

Federal Schedule C as business expense deductions on their joint 1986 federal personal income tax return.

5. The Commonwealth recognizes contributions to Individual Retirement Accounts and Keogh plans as having been made to "Old Age or Retirement Benefit Plans" as defined by regulations of the Department of Revenue, 61 Pa.Code § 101.6(c)(8).

6. On December 9, 1987, after reviewing the taxpayers' 1986 Pennsylvania Individual Income Tax return, the Department of Revenue advised the taxpayers that adjustments were necessary and were being made to their 1986 Pennsylvania return.

7. Accordingly, the Department of Revenue advised the taxpayers that their contributions to the retirement plans were not deductible from the net profits of their businesses. The adjustment was to add the $43,240 which had been deducted to the taxpayers' taxable income. The effect of this adjustment was to produce a taxable income of $104,569 and a tax obligation of $2,258 to which penalties and interest were added.

8. Taxpayers then appealed this determination to the Department's Board of Appeals. The Board upheld the determination on November 21, 1988.

9. Taxpayers then petitioned the Board of Finance and Revenue which sustained the Board of Appeals action on July 25, 1989.

10. The deductions claimed by taxpayers were claimed as contributions to a retirement plan made by an employer on behalf of an employee. Under the department's regulations contributions to a retirement plan by an employer on behalf of an employee are excludable from the employee's taxable income. 61 Pa.Code § 101.6(c)(8)(ii)(A).

11. The Department of Revenue disallowed the deductions for the reason that contributions to a retirement plan by a self-employed person on his own behalf are not excludable under Department regulations. 61 Pa.Code § 101.-6(c)(8)(ii)(B).

12. As interpreted and applied by the Department of Revenue, the relevant statutory and regulatory provisions result in the following treatment of contributions to a retirement plan made by an employer on behalf of an employee: (a) If the employer is a proprietorship, the proprietor is subject to Pennsylvania personal income tax on contributions made on his own behalf. He may deduct from income and avoid taxation on contributions made on behalf of employees. Employees are not subject to income tax on contributions made on their behalf by the employer.

(b) If the employer is a partnership, a partner, regardless of the amount of his partnership income, is subject to Pennsylvania personal income tax on contributions made on his behalf by the partnership but he is entitled to his pro rata share of a deduction in calculating his Pennsylvania personal income tax on contributions made by the partnership on behalf of the employees who are not partners. Employees are not subject to Pennsylvania personal income tax on contributions so made on their behalf. This is so even if the contribution on behalf of the partner is less than that on behalf of any particular employee or employees.

(c) If the employer is a corporation, whether a regular business corporation or professional corporation subject to the Pennsylvania corporate net income tax, it may deduct the amount of any contribution made to a retirement plan on behalf of any and all employees, including any employee who is also a stockholder, even if there is one stockholder who is also the only employee, in arriving at corporate net income. If the employer is a Pennsylvania S corporation, which has elected not be subject to the Pennsylvania corporate net income tax pursuant to 72 P.S. § 7307 et seq., the stockholder or stockholders may deduct the amount of any contribution made to a retirement plan on behalf of any and all employees by the corporation, including any employee who is a stockholder, in arriving at the corporation's net income which income will be taxable to the shareholders. This is so even if there is one stockholder who is also the only employee. In either event, the employer's contribution

is not subject to the Pennsylvania personal income tax as income of the employee on whose behalf such contribution is made.

13. In the case of Taxpayers, if they were employees and nonpartners of a partnership, or employees of a corporation, even one in which each of them was the sole stockholder and sole employee, the contributions made here to retirement plans on their behalf would be deductible in the calculation of partnership or corporate net income, and would not be taxable to them for Pennsylvania personal income tax purposes.

14. Taxpayer–Petitioners specifically raised before the Board of Finance and Revenue the issue of whether the inclusion in their respective incomes of the federally qualified pension contributions by their proprietorship-employers while not including such contributions as income in the case of those not "self-employed" by proprietorships or partnerships, or in the case of those "self-employed" by corporations, constituted an unconstitutional discrimination against them in violation of the uniformity clause of the Pennsylvania constitution.

15. The parties reserve the right to object to the relevancy or materiality of any stipulation.

## DISCUSSION

The issues here involve the revenue regulation found at 61 Pa.Code § 101.6(c)(8)(ii), which reads as follows:

(ii) *Contributions.*

(A) Contributions made to a plan by employers or labor unions on behalf of an employe are excludable from the employe's income, except as otherwise provided in this chapter.

(B) Contributions made to a plan made by an employe or other individual directly or indirectly, whether through payroll deduction, a salary reduction agreement or otherwise, are not excludable from his income. *Contributions by, on behalf of, or attributable to a self-employed person are not*

*excludable from either compensation or net profits from a business, profession or other activity.*

(Emphasis added.)

The Taxpayers do not contend that they are not self employed or that this regulation does not apply to their factual circumstances. Instead, the Taxpayers attack the validity of the regulation itself. First, the Taxpayers contend that the regulation is question misinterprets the Tax Reform Code of 1971 (Tax Code), Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§ 7101–10004. And, second, they contend that, if the regulation correctly interprets the Tax Code, the Tax Code offends Article VIII, Section 1, of the Pennsylvania Constitution, the Uniformity Clause, and the Equal Protection Clause of the United States Constitution.

 Section 354 of the Tax Code, 72 P.S. § 7354, describes the authority granted to the Department of Revenue (Department) by the Legislature to issue regulations; that Section states:

The department . . . is hereby authorized and empowered to prescribe, adopt, promulgate and enforce rules and regulations relating to any matter or thing pertaining to the administration and enforcement of the provisions of this article and the collection of taxes imposed by this article.

Generally, the regulations promulgated by an administrative agency are accorded a presumption of validity and reasonableness. *Northampton, Bucks County Municipal Authority v. Department of Environmental Resources*, 114 Pa.Commonwealth Ct. 339, 547 A.2d 802 (1988). Moreover, when a regulation is promulgated under an express grant of authority by the Legislature it is valid and as binding upon a court as a statute if it is (a) within the granted power, (b) issued pursuant to proper procedure, and (c) reasonable. *Uniontown Area School District v. Pennsylvania Human Relations Commission*, 455 Pa. 52, 313 A.2d 156 (1973); *Chambers Development Co. Inc. v. Department of Environmental Resources*, 118 Pa.Commonwealth Ct. 97, 545 A.2d 404 (1988). In the present case, the Taxpayers do not challenge the regulation in question as being either outside the power of the agency to

promulgate or issued pursuant to improper procedure. Therefore, we must determine whether the regulation at issue is reasonable.

■ The Taxpayers contend that the Department misinterpreted the Tax Code when promulgating 61 Pa.Code § 101.-6(c)(8)(ii)(B). Specifically, they argue that the language of the Tax Code does not justify a regulation that would deny a self-employed individual an exclusion for contributions to qualified pension plans, yet grant an exclusion to employees for certain employer contributions to retirement plans. We disagree. As self employed individuals, the Taxpayers are taxed on the net profits produced by their businesses. The term "net profits" is defined in Section 303 of the Tax Code, 72 P.S. § 7303, as follows:

> The net income from the operation of a business, profession, or other activity, after provision for all costs and expenses incurred in conduct thereof. . . .

The Commonwealth believes that contributions to a Keogh plan or an IRA by a self-employed individual for his/her own benefit are not ordinary expenses incurred in the conduct of a business and, thus, cannot be excluded from net profits. This interpretation is reasonable and is clearly in accord with the language of Section 303 of the Tax Code. Moreover, the fact that employees of the sole proprietor are not taxed on contributions made by their employers does not render the regulation in question unreasonable, since Section 301(d) of the Tax Code, 72 P.S. § 7301(d), explicitly states that payments made by an employer to an employee retirement plan are not taxable income of the employee.[1] Therefore, we hold that 61 Pa.Code § 101.6(c)(8)(ii)(B) does not misinterpret the Tax Code and is a reasonable, valid regulation.

---

1. While *employer* contributions to a retirement plan are excludable from an employee's income, in situations where the contributions to an employee's retirement plan are withheld from the *employee's* paycheck, or originate from a salary reduction agreement, the contributions are *not* excludable from the employee's income. *AMP Products Corp.; Bernknopf v. Department of Revenue,* 57 Pa.Commonwealth Ct. 57, 425 A.2d 880 (1981).

▮ The Taxpayers next contend that the Tax Code violates the Equal Protection Clause of the United States Constitution and the Uniformity Clause of the Pennsylvania Constitution[2] because it taxes contributions by self-employed individuals to their own retirement plans, but does not tax other employer contributions to retirement plans. It is presumed when construing a statute that the legislature does not intend to violate the Constitution of the United States or the Constitution of Pennsylvania. Section 1922 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922. A legislative enactment is presumed to be constitutional and will not be declared unconstitutional unless it plainly, clearly, and palpably violates the constitution. *Consumer Party of Pennsylvania v. Commonwealth*, 510 Pa. 158, 507 A.2d 323 (1986). All doubts are to be resolved in favor of the the constitutionality of the statute. *Liquor Control Board v. Spa Athletic Club*, 506 Pa. 364, 485 A.2d 732 (1984).

▮ Under the Uniformity Clause of the Pennsylvania Constitution and the Equal Protection Clause of the United States Constitution, absolute equality and perfect uniformity in taxation is not required. *Leonard v. Thornburgh*, 507 Pa. 317, 489 A.2d 1349 (1985). Challenges of taxing legislation are subject to review under the rational basis standard; the burden rests on the taxpayer to demonstrate that the classification is unreasonable. *Commonwealth v. Buckley*, 510 Pa. 326, 508 A.2d 281 (1986), *rehearing denied*, 479 U.S. 1001, 107 S.Ct. 612, 93 L.Ed.2d 609 (1986). A tax statute is constitutional on equal protection grounds if there can be discerned some concrete justification for treating the relevant group of taxpayers, as members of distinguishable classes, to different tax burdens. *Leonard.*

▮ Our inquiry must focus on the question of whether Section 301(d)(vi) of the Tax Code violates the aforementioned

2. The Uniformity Clause, Article VIII, Section I, of the Pennsylvania Constitution reads as follows:

> All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws.

constitutional provisions by excluding from an employee's taxable income his or her employer's contribution to a retirement plan, when self-employed persons are taxed on their contributions. In other words if employers of other employees may deduct pension contributions, why should not self-employed persons (in effect, employers of themselves) also be able to take the deduction? The short answer is that the self-employed persons are not employers of themselves as employees.

Self-employed persons who contribute to their own retirement plan are investing income they have actually received for their retirement. *See Bernknopf.* On the other hand, in situations where an employee's retirement plan is entirely funded by his or her employer and the contributions are not made by reducing the employee's salary, the employee may not actually or constructively receive income, since the receipt of benefits under such a retirement plan could be subject to substantial limitations and restrictions. *See* 61 Pa.Code § 101.7. Hence, we conclude that the Tax Code does not offend the Federal Constitution or the Pennsylvania Constitution, because there is a rational basis supporting the distinction in the Tax Code between self-employed persons who make their own contributions to retirement plans and employers who contribute to a retirement plan for their own employees.[3]

3. The Taxpayers argue that the Tax Code is unconstitutional because if they incorporated or in some other manner changed the form of their business so as to make themselves employees, they would not be liable for tax on the contributions to their retirement funds. However, merely because different business forms would allow the Taxpayers to take advantage of the exclusion in Section 301(d) of the Tax Code does not, in our view, render the Tax Code unconstitutional. A corporation and a partnership are entities subject to taxes which self-employed persons do not pay. With regard to partnerships, we take particular note of the parties' stipulation of fact 12(b) and 61 Pa.Code § 101.6. Also, 61 Pa.Code § 101.1 defines "individual" as "a natural person and includes the members of a partnership or association," and defines an "employe" as "[e]very individual performing services if the relationship ... is [employer-employee] as determined by the usual common law rules." Further, the definition of "employer" includes a partnership. It is clear, however, that there is no partnership involved in the facts of this appeal.

Accordingly, judgment is entered in favor of the Commonwealth.

## ORDER

NOW, August 27, 1992, judgment is entered in favor of the Commonwealth. This order shall become final unless exceptions are filed within 30 days of entry of the order pursuant to Pa.R.A.P. 1571(i).