646 A.2d 43

**Charles K. ROBISON, on behalf of himself and all other persons similarly situated, Petitioner,**

**v.**

**FISH AND BOAT COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 9, 1994.

Decided July 18, 1994.

Reargument Denied Sept. 8, 1994.

98

Anthony F. Jeselnik, for petitioner.

Dennis T. Guise, Chief Counsel, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and RODGERS, Senior Judge.

FRIEDMAN, Judge.

Charles K. Robison (Boatowner) petitions for review of an order of the Pennsylvania Fish and Boat Commission (Commission) denying Boatowner's claim for refund of a portion of the boat registration fee which he paid for a twenty-four month license in 1992. We affirm.

In 1989, the legislature amended section 5308 of the Fish and Boat Code, Act of October 16, 1980, P.L. 996, No. 175, *as amended*, 30 Pa.C.S. § 5308. (registration act),[1] to authorize multiple-year boat registrations.[2] In accordance with this authorization, in 1990, the Commission adopted a regulation implementing a two-year registration system and providing that of the boat registrations issued in 1991, approximately one-half would be for a two-year period and the remaining one-half would be for a one-year period.[3] Pursuant to the

1. Title 30 of the Pennsylvania Consolidated Statutes is known as the Fish and Boat Code, Act of October 16, 1980, P.L. 996 (Code), *as amended*, 30 Pa.C.S. §§ 101–7314. Various provisions within the Code are discussed in this opinion. Section 5308 of the Code, 30 Pa.C.S. § 5308, is referred to as the registration act and section 5104 of the Code, 30 Pa.C.S. § 5104, is referred to as the fee act.

2. As amended in 1989, section 5308 provides:
 The commission may determine to issue registrations for a period not to exceed three years *upon payment of a fee equal to the annual registration fee times the number of years for which the multiple-year registration is valid.* A multiple-year registration shall be valid from April 1 of the year of its issuance until March 31 of the last year of its validity, . . . . (Emphasis added.)

3. The regulation provided:

registration act's directive, the regulation provided that the fee for registration would be "two times the annual fee as set forth in the [C]ode." At that time, the annual registration fee for boats the length of Boatowner's (17 feet) was $6.00. Thus, if Boatowner had received a two-year registration in 1991, he would have paid two times the then current annual fee, or $12.00. In December 1991, the legislature again amended the Code, increasing the annual registration fee for boats of the size of Boatowner's from $6.00 to $15.00. Section 5104 of the Code, 30 Pa.C.S. § 5104 (fee act). When Boatowner received a two-year registration in 1992, he paid two times the then current annual fee for his two-year registration, or $30.00. The 1992 portion of the fee was $9.00 more than it would have been had Boatowner's two-year registration begun in 1991 instead of 1992.

· Boatowner sought a refund, on behalf of himself and all similarly situated persons, of the 1992 portion of the fee, arguing that the disparity in fees paid for the 1992 registration year by those who received two-year registrations in 1991 and those who did not violates the equal protection clause of the United States Constitution and the uniformity clause of the Pennsylvania Constitution.[4] The Commission rejected Boatowner's claim for refund concluding that the difference in

> (a) Boat registration certificates issued under this chapter will be valid for a 2–year period which begins April 1 and expires on March 31 of the second year following issuance.
> (b) The fee for registration will be two times the annual registration fee as set forth in the code.
> (c) The Commission will transfer a certificate of registration to a new owner upon payment of a $5 transfer fee.
> (d) During 1991, approximately one-half of the registrations will be issued for a 2–year period and approximately one-half will be issued for a 1–year period.
> 58 Pa.Code § 93.1a.

4. The Equal Protection clause of the United States Constitution provides that "No State shall make or enforce any law which shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

The Uniformity Clause of the Pennsylvania Constitution, Article VIII, section 1, provides: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

fees paid did not illegally or improperly discriminate against Boatowner. The Commission further concluded that Boatowner failed to establish that this matter could be brought as a class action.

On appeal to this court,[5] Boatowner makes the same arguments he raised before the Commission.[6] In support of his position, Boatowner initially claims that a boat registration fee falls within the purview of the Pennsylvania constitutional provision requiring uniformity of taxation but cites no case in support of this proposition. The Commission observes that, in fact, the uniformity provision may not apply to boat registration fees,[7] but that this point may be of no particular significance because the acts and regulation at issue here do not violate either equal protection or uniformity requirements.

5. Our scope of review on appeal from an order of the Commission is limited to determining whether constitutional rights have been violated, whether substantial evidence supports necessary findings of fact or whether an error of law has been committed. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Weichert AD & P, Inc. v. Department of Transportation*, 158 Pa.Commonwealth Ct. 476, 631 A.2d 1106 (1993).

6. Boatowner also questions whether the Commission improperly assessed and collected the boat registration fees for the period beginning April 1, 1992. His argument, however, merges this issue with the constitutional argument by claiming that the result of the registration scheme violates constitutional rights. Therefore, the issue of improper assessment or collection of fees is not discussed separately.

Boatowner also contends that we may entertain the Petition as a class action and grant relief to all 135,000 boatowners whose multiple-year registrations began after 1991. Because of our decision on the first issue, we do not reach the class action issue.

7. The uniformity clause is only applicable to taxation. There is no indication that the registration fees set forth in the Code are imposed under the taxing power of the Commonwealth. To the contrary, the Code appears to have been enacted pursuant to the Commonwealth's police powers and the fees appear to be related to the Code's regulatory scheme which includes enforcement of rules and regulations concerning the operation and equipment of boats operated on the Commonwealth's waters, the establishment of educational programs and the improvement of waterway facilities. *See* 30 Pa.C.S. §§ 5101–5504. For an excellent discussion of the distinction between a regulatory measure and a tax, *see White v. Commonwealth, Medical Professional Liability Catastrophe Loss Fund*, 131 Pa.Commonwealth Ct. 567, 571 A.2d 9 (1990).

We agree and recognize that even if this were a tax, it would not violate either the equal protection or uniformity clauses.

The crux of Boatowner's case is that the effect of multiple-year registrations, as implemented,[8] in conjunction with the legislative increase in annual fees is unconstitutionally discriminatory. The Commission disagrees, contending that the regulation implementing the registration act was rationally related to a legitimate state purpose, reducing administrative costs and improving service to boaters, and that the fact that boatowners receiving two-year registrations in 1991 paid less than those who received two-year registrations in 1992 is of no constitutional significance. Furthermore, according to the Commission, because, in the fee act, the General Assembly exercised its "undisputed" authority to set boat registration fees and made those new fees applicable on a specific date, there is a rational reason for charging more for a 1992–93 two-year registration than for a 1991–92 two-year registration. We agree.

 Our analysis relies on tax cases, but that does not mean that we agree that the boat registration fee is a tax or that we are dealing only with uniformity. Rather, these cases are applicable because equal protection and uniformity matters are analyzed in the same manner. *Leonard v. Thornburgh*, 507 Pa. 317, 489 A.2d 1349 (1985). The legislature has broad discretion in matters of taxation and a taxpayer challenging the constitutionality of a tax bears the burden of demonstrating that a classification, made for purposes of taxation, is unreasonable. *Id.* "[T]ax legislation will not be declared unconstitutional unless it '*clearly, palpably,* and *plainly* violates the Constitution'." *Id.* at 321, 489 A.2d at

8. As part of this argument, Boatowner contends that the registration act does not authorize staggered registrations. The registration act does, however, authorize the Commission to institute multiple-year registrations. The Commission's regulation implementing multiple-year registrations, 58 Pa.Code § 93.1a, was consistent with the Act under which it was promulgated. *See, e.g., Miller's Smorgasbord v. Department of Transportation,* 139 Pa.Commonwealth Ct. 385, 590 A.2d 854 (1991) (administrative agency's interpretation of its own regulation is controlling unless plainly erroneous or inconsistent with the regulation or inconsistent with the statute under which it is promulgated).

1351–52, quoting from *Commonwealth v. Life Assurance Co. of Pa.,* 419 Pa. 370, 377, 214 A.2d 209, 214 (1965), *appeal dismissed,* 384 U.S. 268, 86 S.Ct. 1476, 16 L.Ed.2d 524 (1966). Furthermore, equal protection and uniformity do not require absolute equality and perfect uniformity in taxation. Rather, the test is whether the disparity between the groups of registrants is based upon a legitimate distinction between the groups which is not arbitrary and is "reasonable and just." *Leonard,* 507 Pa. at 321, 489 A.2d at 1352. Challenges to the constitutionality of a tax measure are reviewed under the rational basis standard and a "tax statute is constitutional on equal protection grounds if there can be discerned some concrete justification for treating the relevant group of tax-payers, as members of distinguishable classes, to different tax burdens." *Kalodner v. Commonwealth,* 150 Pa.Commonwealth Ct. 248, 257, 615 A.2d 900, 904 (1992), *exceptions dismissed,* 161 Pa.Commonwealth Ct. 226, 636 A.2d 1230 (1994).

Our analysis focuses, first, on whether boat registrants are treated differently for purposes of taxation and, second, on whether a rational basis exists for any disparate treatment. Here, all multiple-year registrants pay a registration fee of two times the annual fee set forth in the Code and, thus, are treated equally as far as the *manner* of fee calculation is concerned. Likewise, all boatowners issued multiple-year registrations in the same year pay the same registration fee for the same size boat. Thus, there is no disparate *treatment,* although the combined *effect* of the registration act, the fee act and the regulation results in different fees for those issued two-year registrations in 1991 and those issued two-year registrations in 1992.

A chronological review of events leading to the disparate fees shows that the distinction between two-year registrations and one-year registrations issued in 1991 was not made for purposes of taxation but rather for reasons of administrative efficiency. At the time the Commission's regulation was promulgated there was no indication that the fee paid for a two-year registration in 1991 would be different from that to

be paid over a similar period by a registrant who received a one-year registration in 1991.

Each boat registration takes effect on April 1 of the year in which it is issued and the fee is calculated as of that date. Because the fee act raised the annual registration fee, upon which the multiple-year registration fee is based, from $6.00 to $15.00 per annum, Boatowner paid $9.00 more for the 1992 season than he would have had his two-year registration been effective April 1, 1991. That fact alone, however, does not make the Commission's assessment of different fees for different periods unconstitutional. Here, because of the subsequent passage of the fee act, the Commission's implementation of the registration act coincidentally resulted in a different fee for a registration effective in 1991 than for one effective in 1992.

A rational basis exists for the difference in the registration fee for a two-year registration effective from April 1, 1991 to March 31, 1993 and one effective from April 1, 1992 to March 31, 1994. Thus, the Commission's implementation of the legislatively authorized multiple-year registration system does not violate either the equal protection clause of the United States Constitution or the uniformity clause of the Pennsylvania Constitution.

Accordingly, we affirm.

*ORDER*

AND NOW, this 18th day of July, 1994, the order of the Pennsylvania Fish and Boat Commission, dated June 1, 1993, is affirmed.