Ilya BOGUSLAVSKY, Appellant

v.

NORTH POCONO SCHOOL DISTRICT, Joseph A. O'Brien.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 29, 2010.

Decided Dec. 16, 2010.

Ilya Boguslavsky, appellant, pro se.

Joseph A. O'Brien, Clarks Summit, for appellees.

BEFORE: LEADBETTER, President Judge, and PELLEGRINI, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Ilya Boguslavsky (Boguslavsky) appeals from the May 13, 2010, order of the Court of Common Pleas of the 22nd Judicial District, County of Wayne (trial court), which granted summary judgment to North Pocono School District (District) in connection with Boguslavsky's complaint challenging the District's earned income tax. We affirm.

Boguslavsky filed a complaint against the District with the trial court, alleging, *inter alia*, that the District's earned income tax violates constitutional principles of uniformity because: (1) the tax is im-

posed on earned income, but not unearned income; and (2) the tax is imposed on employee contributions to 401(k) plans, but not employer contributions to 401(k) plans. The parties filed motions for summary judgment.

The trial court granted summary judgment to the District because: (1) in *Pennsylvania Company for Insurances on Lives & Granting Annuities v. City of Philadelphia*, 346 Pa. 406, 415–16, 31 A.2d 137, 141–42 (1943), *overruled in part by Tax Review Board of Philadelphia v. Brine Corporation*, 414 Pa. 488, 200 A.2d 883 (1964), and *Breitinger v. City of Philadelphia*, 363 Pa. 512, 520, 70 A.2d 640, 645 (1950), our supreme court held that it was reasonable to classify income as earned and unearned for local income tax purposes; and (2) in *Ignatz v. Commonwealth*, 849 A.2d 308, 315 (Pa.Cmwlth.2004), *vacated and appeals dismissed as moot due to statutory amendments*, (Pa.Cmwlth., Nos. 136 & 397 F.R. 2003, filed November 7, 2005), this court held that taxing employee contributions to a deferred compensation plan does not violate principles of tax uniformity. Boguslavsky now appeals to this court.

In *Amidon v. Kane*, 444 Pa. 38, 46, 279 A.2d 53, 58 (1971), our supreme court stated that "[t]he constitutional imperative of uniformity in the imposition of taxes has remained unchanged since its first adoption in the Pennsylvania Constitution of 1874." Like that earlier constitution, Article VIII, Section 1 of the Pennsylvania Constitution today provides that: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." Pa. Const., art. VIII, § 1.

■■■ Under the uniformity clause, absolute equality and perfect uniformity are not required. *City of Harrisburg v.*

*School District of Harrisburg*, 551 Pa. 295, 303, 710 A.2d 49, 53 (1998).

> In cases where the validity of a classification for tax purposes is challenged, the test is whether the classification is based upon some legitimate distinction between the classes that provides a nonarbitrary and "reasonable and just" basis for the difference in treatment. Stated alternatively, the focus of judicial review is upon whether there can be discerned "some concrete justification" for treating the relevant group of taxpayers as members of distinguishable classes subject to different tax burdens. When there exists no legitimate distinction between the classes, and, thus, the tax scheme imposes substantially unequal tax burdens upon persons otherwise similarly situated, the tax is unconstitutional.

*Id.* (quoting *Leonard v. Thornburgh*, 507 Pa. 317, 321, 489 A.2d 1349, 1352 (1985)). The taxpayer has a heavy burden to demonstrate that a challenged tax classification is unreasonable. *Id.*

## I. Earned and Unearned Income

### A. *Pennsylvania Company*

■■ Boguslavsky first argues that the District's classification of income as earned and unearned for tax purposes discriminates against wage earners.

> [The] [u]nfairness of the [earned income tax] can be simply illustrated by comparing a poor wage earner making $20,000 a year and a wealthy individual who does not have to work and in fact does not work, living off his interest and dividend income amounting to $1,000,000 a year. The [District] would tax the poor laborer while the idle millionaire would have no local income tax liability whatsoever. No reasonable grounds exist for such a preference, which the

Pennsylvania Supreme Court has characterized as "exemption from all taxes of many millionaires." [*Amidon,* 444 Pa. at 59, 279 A.2d at 65 (Bell, C.J., concurring)].

(Boguslavsky's Brief at 7.) In other words, to demonstrate that the earned income classification is unreasonable, Boguslavsky compares extreme hypothetical cases: a taxpayer with earned income who is poor and a taxpayer with unearned income who is wealthy. We reject such an argument. Utilizing this approach, one could easily demonstrate the reasonableness of the classification by comparing a wealthy taxpayer who has excess earned income and a poor, elderly, retired taxpayer who ekes out a subsistence living on unearned income. As indicated, the uniformity clause does not require absolute equality and perfect uniformity.[1] *City of Harrisburg,* 551 Pa. at 303, 710 A.2d at 53.

Moreover, in *Pennsylvania Company,* our supreme court upheld the classification of income into earned and unearned because the taxpayer with earned income "is engaged in performing services and actively managing property in the conduct of business thereon" while the taxpayer with unearned income "is merely receiving unearned income from the passive ownership of property."[2] *Pennsylvania Company,* 346 Pa. 406, 415–16, 31 A.2d 137, 141–42. Boguslavsky does not even attempt to explain why this distinction fails to justify the classification.

### B. *Brine Corporation*

Boguslavsky next argues that our supreme court overruled *Pennsylvania Company* in *Tax Review Board of Philadelphia v. Brine Corporation,* 414 Pa. 488, 200 A.2d 883 (1964). We disagree.

In *Brine Corporation,* our supreme court considered whether a business could be subject to a local mercantile license tax if the business's receipts were unearned income. The court stated that:

[S]imply because a certain type of receipt may be derived as rent from real estate, dividends or interest from securities or gain from the sale of property (i.e. receipts generally referred to as "unearned") is not itself sufficient reason for holding that such receipts are not derived from the conduct of a business. It is as possible to conduct a business which generates only "unearned" receipts as it is to conduct an enterprise producing only "earned" receipts.

*Id.* at 494, 200 A.2d at 886. The court never addressed whether a tax on earned income, but not unearned income, violated constitutional principles of uniformity.

The court disapproved of *Pennsylvania Company* only in its explanation of the factors to consider in determining whether

---

1. Boguslavsky asserts that, under *City of Harrisburg,* 551 Pa. 295, 304, 710 A.2d 49, 53 (1998) (citing *Amidon),* inequalities are unconstitutional if they result from preferences afforded taxpayers depending on factors such as "whether the taxpayer was a wage earner...." (Boguslavsky's Brief at 7.) However, Boguslavsky did not complete the sentence. The court in *City of Harrisburg* stated that, under *Amidon,* tax inequalities are unconstitutional where the tax deductions depend on whether the taxpayer is a "wage earner or self-employed." *City of Harrisburg,* 551 Pa. at 304, 710 A.2d at 53. The court has never held that tax inequalities are unconstitutional where they depend on whether the taxpayer's income was earned or unearned.

2. Boguslavsky argues that *Pennsylvania Company* does not apply here because the case did not involve a constitutional challenge to the local income tax ordinance. (Boguslavsky's Brief at 8.) However, the case did involve a uniformity challenge to the regulation issued to administer the local income tax ordinance. Thus, we reject Boguslavsky's argument.

an enterprise is liable for the mercantile license tax.

Thus, a person may purchase one piece of real estate and **actively engage** in renting and managing it. He certainly **would be liable** for mercantile tax. Another person may inherit ten pieces of rent-producing real estate with regard to which he **does nothing** but collect net rents. He **would not be liable** for mercantile license tax.[3] In [a case where the company was not liable for the tax], the company did nothing but conserve a piece of real estate retained by it after selling its business; while in [another case where the company was liable for the tax], the facts indicated that the investment aspect of the company's operation was an integral part of its business. These differences [1] in **how the property was acquired** or circumstances under which it is retained, [2] in how it is used, [3] in services performed by way of management, and [4] in the **overall objectives of the owner** are the differences which lead to tax in one case and not in the other.[4]

---

[4] To the extent [that] we indicated otherwise in *[Pennsylvania Company]*, we disapprove of that opinion.

*Id.* (emphasis added).

In its footnote, the *Brine Corporation* court was no doubt referring to the statement in *Pennsylvania Company* that "[t]he *method* of acquisition ... and the *purpose* for engaging in the enterprises, are not pertinent" factors in determining whether entities are subject to taxation. *Pennsylvania Company,* 346 Pa. at 412, 31

3. We point out that these statements are entirely consistent with *Pennsylvania Company:* income received by taxpayers who were actively engaged in managing property, i.e., earned income, is taxable, but income received by taxpayers who did nothing but collect rents, i.e., unearned income, is not taxable.

A.2d at 140 (emphasis in original). This statement was unrelated to the court's analysis of the uniformity issue.

### C. Interest on Commonwealth Obligations

■ Boguslavsky also argues that, under *Amidon,* the earned income tax lacks uniformity to the extent it fails to tax interest received on the obligations of the Commonwealth or any of its political subdivisions.[4] We disagree.

In *Amidon,* our supreme court considered whether the Tax Reform Code of 1971 violated constitutional principles of tax uniformity. The court noted that the statute imposes "a tax 'for the privilege of receiving, earning or otherwise acquiring income from any source whatsoever....' " *Amidon,* 444 Pa. at 51, 279 A.2d at 60 (quoting Tax Reform Code of 1971). The court then stated that:

The holder of tax exempt Pennsylvania securities certainly enjoys this **privilege of receiving income** yet is not taxed for the privilege but instead is given a tax preference. This situation is manifestly contrary to our holding ... that a tax upon a privilege "... must apply to all who share the privilege." In addition, despite the existence of a legislative policy favoring this type of tax preference for state and local obligations of this Commonwealth, such a legislative policy cannot prevail over a clear constitutional mandate of uniformity.

*Id.* at 51, 279 A.2d at 60–61 (emphasis added).

4. Section 102(j) of the District's earned income tax regulations states that interest received on obligations of the Commonwealth or its political subdivisions is excluded from earnings. (R.R. at 24a.)

In stating that the exemption violated principles of uniformity, the court did **not** indicate that the violation was the taxation of earned income as opposed to unearned income. By referring to the statutory privilege of "receiving" income rather than "earning" income, the court made clear that the uniformity violation was the taxation of interest income, but not interest income received from an obligation of the Commonwealth or its political subdivisions. Here, there is no taxation of interest income; thus, there can be no lack of uniformity based on the taxation of interest income.

## II. Employer 401(k) Contributions

■ Boguslavsky argues that the District's earned income tax violates the principles of uniformity because the tax is imposed on employee contributions to 401(k) plans, but not employer contributions to 401(k) plans. We disagree.

In *Kalodner v. Commonwealth*, 150 Pa. Cmwlth. 248, 615 A.2d 900, 904 (1992), this court considered whether an income tax unjustifiably discriminates against self-employed persons because it taxes as income the contributions to a retirement plan made by a self-employed person but does not tax the contributions to a retirement plan made by an employer for the benefit of an employee. This court held that the tax was justified because the contributions made by self-employed persons come from money they actually received as income, but the contributions made by employers for the benefit of employees may not have been actually or constructively received by the employees due to substantial limita-

tions and restrictions on the receipt of benefits under the retirement plan. *Id.* at 905. Thus, this court has articulated a reason justifying the exclusion from income, for tax purposes, of an employer's 401(k) contributions.[5]

Accordingly, we affirm.

### ORDER

AND NOW, this 16th day of December, 2010, the order of the Court of Common Pleas of the 22nd Judicial District, County of Wayne, dated May 13, 2010, is hereby affirmed.

---

5. Boguslavsky asserts that the rationale in *Kalodner* does not apply here because a person's "[v]ested 401(k) contributions can be accessed without substantial limitations and restrictions...." (Boguslavsky's Brief at 10.) However, Boguslavsky does not develop the argument further in his brief. Moreover, the issue raised by Boguslavsky before the trial court was not whether the failure to tax employer 401(k) contributions for vested employees violates principles of uniformity; the issue raised was whether the failure to tax employer 401(k) contributions for any employees is unconstitutional.