**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3537
_____

MRS. BARBARA JEAN FELDMAN;
MR. LEE FELDMAN,
Appellants

v.

H.A. BERKHEIMER, INC., d/b/a Berkheimer Tax Administrator;
JORDAN TAX SERVICE, INC.; DORMONT BOROUGH, INC.;
KEYSTONE OAKS SCHOOL DISTRICT; GOEHRING, RUTTER & BOEHM
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:13-cv-01711)
District Judge:  Honorable Nora Barry Fischer
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 1, 2015

Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed: February 24, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The Feldmans, husband and wife, filed suit in the District Court against a tax preparer and others, raising a litany of claims related to their argument that Mrs. Feldman is entitled to a refund for the amount of tax withheld ($147) from her 401(k) contributions for the 2012 tax year. On the defendants' motions, the District Court dismissed their complaint for failure to state a claim and disallowed amendment. They appeal.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the order dismissing the complaint is plenary.[1] McGovern v. City of Phila., 554 F.3d 114, 115 (3d Cir. 2009). Upon review, we agree with the District Court's analysis, and we will affirm.

As the District Court noted, all of the Feldmans' claims (from their constitutional claims brought under 42 U.S.C. § 1983 to their claims under state law) are predicated on the same basis. Namely, they assert that Mrs. Feldman's contributions to her 401(k) plan are not taxable by local authorities. But, as the District Court explained, they are taxable.

In Pennsylvania, the Local Tax Enabling Act permits a political subdivision (like defendant Dormont Borough or defendant Keystone Oaks School District) to tax the earned income of its residents. See 53 P.S. §§ 6924.301.1(a), 6924.311(3), 6924.317. In light of statutory amendments in 2002 and 2004 (Act 166 of 2002 and Act 24 of 2004), "earned income" is equivalent to "compensation" under Pennsylvania's Tax Reform Code of 1971, 53 P.S. § 6924.501. Compensation is defined as "items of remuneration

---

[1] The Feldmans do not raise a challenge to the denial of leave to amend, so we consider the issue waived. See Gonzalez v. AMR, 549 F.3d 219, 225 (3d Cir. 2008).

received, directly or through an agent, in cash or in property, based on payroll periods or piecework, for services rendered as an employee." 61 Pa. Code § 101.6(a). Contributions to a retirement benefit plan made by an employee are not excludable from the definition of taxable compensation. Id. at § 101.6(c)(8)(ii)(B); see also, e.g., Boguslavsky v. N. Pocono Sch. Dist., 11 A.3d 582, 587 (Pa. Commw. Ct. 2010) (rejecting a challenge to regulatory scheme); Kalodner v. Commonwealth, 615 A.2d 900, 904 & n.1 (Pa. Commw. Ct. 1992). Accordingly, Mrs. Feldman's contributions to her 401(k) plan were taxable.

As they argued in the District Court, the Feldmans press on appeal their claim that a Magisterial Judge's 1992 decision precludes the collection of tax on Mrs. Feldman's contributions or a ruling that those contributions constitute taxable income. However, that claim fails for the reasons given by the District Court.[2] To sum up, the ruling, in 1992, could not serve as an interpretation of Pennsylvania law relevant to the 2012 tax year. The ruling predated the statutory amendments that provide the relevant definition of earned income. Despite their arguments to the contrary, the doctrines of res judicata and collateral estoppel do not apply. See Comm'r v. Thomas Flexible Coupling Co., 198 F.2d 350, 353 (3d Cir. 1952) (explaining that "tax claims for successive years do not involve the same cause of action" for purposes of res judicata); Comm'r v. Sunnen, 333

---

[2] We reject the Feldmans' argument that the District Court did not "assume key factual allegations" about the opinion and otherwise. The District Court explicitly accepted all inferences in favor of the Feldmans regarding the nature of the Magisterial Judge's ruling in making its determination. District Court Memorandum at 6.

U.S. 591, 599-600 (1948) ("[W]here two cases involve income taxes in different taxable years, collateral estoppel . . . must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged.").

For these reasons, and as the District Court explained, the Feldmans failed to state a claim upon which relief can be granted.[3]  Accordingly, the District Court properly dismissed their complaint.  We will affirm the District Court's judgment.

---

[3] The Feldmans ask us to separately address four of their claims for which, they assert, the District Court provided insufficient analysis.  One is a claim that subsections of 61 Pa Code § 101.6 (relating to compensation in the form of 401(k) contributions) are unconstitutionally vague; another is that Pennsylvania's definition of earned income violates the uniformity clause of the Pennsylvania constitution; and the others are claims that the taxation of 401(k) contributions violates their right to equal protection under the law and constitutes an unlawful taking.  First, we note that the District Court addressed at least one of these claims in detail.  See District Court Memorandum at 6 (citing Pennsylvania cases rejecting the uniformity challenge).  Second, the District Court was not wrong to conclude that these claims, like the others, were based on an incorrect premise (their argument that the defendants could not collect taxes on the 401(k) contributions).  Third, there is no legal basis for their claims; they are without merit.